KING *v.* HARRIGAN.

1. APPEAL AND ERROR — DISMISSAL — ASSIGNMENT OF ERRORS — RECORD.

    When errors are assigned under Rule 11 of this court, it is no ground of dismissal of the writ of error that the procedure for settling a case or bill of exceptions was not observed.

2. SAME—GARNISHMENT—DISCLOSURE OF GARNISHEE—REPORT OF TESTIMONY—EXHIBITS.

    Exhibits referred to by a garnishee in his oral examination, if desired to be made part of the record, must be filed with the transcript of his testimony, and a writ of error to review a judgment against him will not be dismissed because the record does not contain them.

142    477
e145   436

Garnishment proceedings by Robert King against James Harrigan as garnishee defendant of Richard Burden. Plaintiff recovered judgment, and defendant brings error: On motion to dismiss. Submitted October 31, 1905. (Calendar No. 21,032.) Motion denied December 30, 1905.

*Stickney & Reed*, for the motion.

*John Loughnane* (*Geer, Williams & Halpin*, of counsel), contra.

BLAIR, J. The plaintiff obtained judgment against the principal defendant in the circuit court for Lapeer county. Garnishment proceedings were instituted against the garnishee defendant, who filed a disclosure denying liability. Thereupon plaintiff filed a demand for the oral examination of the garnishee, a transcript of whose testimony on such oral examination was signed by him and filed, as required by 3 Comp. Laws, § 10603. In his oral testimony the garnishee defendant again denied his liability. On the day the transcript was filed the court rendered final judgment against the garnishee defendant, to review which judgment he has taken out a writ of error from

this court, assigning errors under Supreme Court Rule 11.

Plaintiff moves to dismiss the writ of error for the reasons that no bill of exceptions was settled and signed, no case was made and settled, the record is not signed and certified by the circuit judge, no notice was ever served of a settlement of a bill of exceptions or case made, and because the record filed is not full and complete and does not contain all the evidence produced on the trial.

The evidence which it is claimed is omitted consists of two exhibits, a bill of sale and a bond, referred to by the garnishee in his oral testimony, and which, if desired to be made part of the record, should have been filed with the transcript of his testimony on his oral examination. The report of the testimony of the garnishee defendant, when filed, forms part of the statutory issue to be thereafter tried, unless such testimony admits liability. 3 Comp. Laws, § 10610. Whether the effect of the testimony in the case before us is to admit liability will be a proper question when the case is heard.

Appellant contends that he was entitled to a trial of the statutory issue, and that the judgment of the court, rendered upon the filing of the transcript of this testimony, which framed the issue, and in advance of such trial, was irregular and void. We think that, so far as the reasons upon which the motion is based are concerned, appellant has pursued the proper practice to review the judgment, and the motion is denied, with costs.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.