### KING *v.* HARRIGAN.

1. GARNISHMENT—DISCLOSURE BY GARNISHEE—TRIAL—TIME.
   Under section 10610, 3 Comp. Laws, a garnishee has 10 days
   after the filing of his oral examination within which to de-
   mand a trial of the cause, and a judgment rendered against
   him before the expiration of that period is erroneous.

2. SAME—STATUTES—STRICT CONSTRUCTION.
   Garnishee proceedings are harsh, and the statutes authorizing
   them must be strictly followed.

3. SAME—APPEAL—RECORD—QUESTIONS PRESENTED.
   Where both the disclosure and the oral examination of a gar-
   nishee deny liability, and the record on error merely shows
   that judgment was rendered against the garnishee after
   hearing proofs and argument, it cannot be said that the gar-
   nishee by appearing and arguing the case waived his right
   under the statute to 10 days after the filing of his oral exam-
   ination within which to demand a trial of the cause.

Error to Lapeer; Smith, J. Submitted June 13, 1906.
(Docket No. 92.) Decided July 24, 1906.

Garnishment proceedings by Robert King against
James Harrigan as garnishee of Richard Burden.
There was judgment for plaintiff, and the garnishee
brings error. Reversed.

*John Loughnane* and *Geer, Williams & Halpin,* for
appellant.

*Stickney & Reed,* for appellee.

GRANT, J. This case was before the court on a motion
to dismiss the writ of error   142 Mich. 477.   A full state-
ment of the case and of the issues involved is there made,
and needs no repetition here.   On the same day that the
oral examination of the garnishee defendant was filed the
court below rendered a judgment against him for the

amount of the judgment against the principal defendant. The defendant under the statute (3 Comp. Laws, § 10610) was entitled to 10 days thereafter to demand a trial of the cause. Garnishee proceedings are harsh, and the statutes authorizing them must be strictly followed.

It is urged that the defendant waived this 10-day provision by appearing and arguing the case at the time the disclosure was filed. What the argument against the entering of the judgment was at that time the record fails to show, and counsel do not agree upon it. Both the disclosure and the oral examination deny liability. The judgment recites that "the court, having heard the proofs offered and the argument of counsel for the respective parties, judgment is rendered," etc. That is all the record shows. It cannot be construed into a waiver of the right conferred by the statute to demand a trial.

Judgment reversed, and case remanded for further proceedings.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.