HEALD *v.* MONTCALM CIRCUIT JUDGE.

GARNISHMENT—NOTICE OF JUDGMENT—DEMAND FOR TRIAL—STATUTES.

Judgment may be entered against a garnishee defendant after judgment for plaintiff in the principal case without notice, at any time after 10 days from the filing of the report of the commissioner showing admissions of the garnishee on examination that such garnishee had property of the principal debtor under his control at the date of service, unless either party has filed a demand for the trial of the issue as required by 3 Comp. Laws, § 10610.

Mandamus by Henry T. Heald, trustee in bankruptcy of the estate of Mattie Walker, bankrupt, to compel Frank D. M. Davis, Montcalm circuit judge, to set aside an order vacating a judgment upon a garnishee's disclosure. Submitted April 19, 1911. (Calendar No. 24,432.) Writ granted June 2, 1911.

*Cleland & Heald*, for relator.

Relator, as trustee, brought suit against one Eliza Close upon a promissory note, and on the same day, April 2, 1910, caused a writ of garnishment to issue against one

Mint Hockstra. This writ was duly served upon Hock-
stra, who, on April 16, 1910, filed a written disclosure
denying all indebtedness to the principal defendant. An
order was made for an oral examination of the garnishee,
and the examination was held before a circuit court
commissioner. Upon that examination it was disclosed
that Hockstra was in possession of a stock of goods belong-
ing to the principal defendant at the time the garnishee
summons was served upon him, that he turned the pos-
session of said stock over to the principal defendant after
the garnishee summons was served, and that the stock was
worth about $1,500. The report of this examination was
filed July 15, 1910. No demand for a trial of the garnish-
ment proceeding was ever filed by either plaintiff or Hock-
stra, the garnishee defendant. On October 3, 1910, judg-
ment was rendered in favor of the plaintiff against the prin-
cipal defendant in the sum of $348.82 and costs, and at
the same time, on motion of counsel for plaintiff, it was
ordered that said judgment should likewise run against
Mint Hockstra, the garnishee defendant. On November
10, 1910, the judgment was set aside as to Hockstra. A
motion to set aside the order vacating the judgment as to
the garnishee having been denied, plaintiff asks for a
mandamus to compel the circuit court to grant that relief.

BROOKE, J. (*after stating the facts*). The return of
the respondent shows that the learned circuit judge set
aside the judgment as to Hockstra because there should
have been notice to Hockstra that judgment would be
asked, and no such notice was shown.

Plaintiff relies upon the provisions of 3 Comp. Laws, §
10610:

"The affidavit for the writ of garnishment shall be held
and considered as a declaration by the plaintiff in trover
against the garnishee as defendant, where the garnishee
is chargeable for property and for money had and re-
ceived, when he is chargeable upon indebtedness against
the garnishee, and upon the filing of the garnishee dis-

closure, or upon filing of the answers to such written interrogatories in cases where the same are required and filed, or upon the filing of the report of the testimony, or statement, made by such garnishee on personal examination, in cases where such examination is had, the matter of such affidavit shall be considered as denied, except so far as the same is admitted by such disclosure, answers to interrogatories or report, which admission shall have the effect of admissions in a plea, and also shall be *prima facie* evidence of the matters therein admitted. And thereupon a statutory issue shall be deemed framed for the trial of the question of the garnishee's liability to the plaintiff. And judgment may be rendered against such garnishee defendant as upon declaration and plea, or on plaintiff's motion to the court at any time after final judgment against the defendant in the principal cause, without further notice to such garnishee."

As a part of this quotation:

" *Provided, however*, if such plaintiff or such garnishee defendant shall within ten days after filing of such disclosure, answer, or statement, file with the clerk of such court a demand for trial of the cause, said cause shall stand for trial in the manner provided by this act. The time for filing said demand may be extended by the court upon application and showing."

Under the admissions of the garnishee defendant in his oral examination, there would seem to be no doubt of his liability as garnishee.

The statute clearly provides for the entry of judgment against the garnishee at any time after final judgment against the principal defendant on motion of the plaintiff and without further notice to the garnishee.

The record shows that more than 10 days had elapsed after the report of the commissioner was filed before judgment was taken, during which interval no demand for a trial was filed by the garnishee. *King* v. *Harrigan*, 145 Mich. 436 (108 N. W. 748).

The writ will issue.

BIRD, BLAIR, and STONE, JJ., concurred with BROOKE, J.

OSTRANDER, C. J. I express no opinion concerning the effect of the disclosure as affecting the liability of the garnishee defendant, if he had framed or asked for the trial of the issue. Considering the ground asserted for setting aside the judgment, I concur with Mr. Justice BROOKE.