MILEY v. GRAND TRAVERSE CIRCUIT JUDGE.

MILEY v. JOHNSON.

1. EXCEPTIONS, BILL OF—TIME FOR SETTLING—EXTENSION OF TIME —APPEAL AND ERROR.

In view of the statute (3 Comp. Laws 1915, § 12634) providing that no more than 20 days from the time of judgment or denial of motion for new trial shall be allowed for the purpose of settling a bill of exceptions, except upon the stenographer's certificate that a transcript of the testimony has been ordered and will be furnished as soon as possible, and Circuit Court Rule No. 66, providing that the court may grant further time beyond the 20-day period, but not more than 60 days except for good cause shown, the court was without power to settle a bill of exceptions after expiration of the 20-day period, where no order was asked for or made extending said time.

2. SAME—ILLNESS OF COUNSEL MAY AUTHORIZE EXTENSION.

While illness of counsel may authorize an extension of time, if seasonably brought to the attention of the court, it cannot excuse failure to comply with the statute and rule.

3. SAME—POWER TO SETTLE BILL AFTER EXPIRATION OF ORDERED TIME.

    If the time is extended by order of the court beyond the 20-day period, there is power to grant further extension and a discretion to settle and sign a bill of exceptions even after ordered time has expired, but if there has been no extension of time beyond the 20-day period the power to settle a bill of exceptions thereafter does not exist.

4. APPEAL AND ERROR—SUPREME COURT RULE.

    Supreme Court Rule No. 11 relates to errors appearing of record, and not to errors requiring a bill of exceptions to get the same before the court.

5. MANDAMUS—EXCEPTIONS, BILL OF—STRIKING FROM FILES—WRIT OF ERROR TO STAND.

    Where the bill of exceptions erroneously settled and signed by the circuit judge has come to the Supreme Court upon writ of error, mandamus will not issue to compel him to strike same from the files, but motion to strike same from the files of this court is granted, with leave to defendant to make such use of the writ of error as he can without a bill of exceptions.

Mandamus by Dale J. Miley and another to compel Frederick J. Mayne, circuit judge of Grand Traverse county, to strike a bill of exceptions from the files. Submitted January 10, 1922. (Calendar No. 30,014.)   Writ denied February 8, 1922.

Motion by Dale J. Miley and another against Guy McKevitt Johnson and another to dismiss a bill of exceptions. Submitted January 10, 1922. (Calendar No. 30,033.)   Motion granted February 8, 1922.

*Parm C. Gilbert*, for plaintiffs.

*Douglas, Eaman, Barbour & Rogers,* for defendants.

WIEST, J. The motions present the question of the right of the circuit judge to settle a bill of exceptions, against objection, 7 months after motion for a new

trial had been denied, and without any order having been made extending the time. The record shows that judgment was entered February 18, 1921, against defendant Johnson, and at that time all proceedings were ordered stayed for a period of 80 days upon the filing of a statutory bond within 20 days. No bond was filed and no further order made except denial of a new trial on March 10, 1921.

It appears that, on or about May 15, 1921, a proposed bill of exceptions, with a transcript of the testimony, was served upon the attorney for plaintiffs, without any notice of time of settlement but with a verbal interrogation as to whether amendments would be proposed. At that time plaintiffs' attorney claims he informed defendants' attorneys that they were without the right of appeal and not in a position to review the case. Matters rested there until October 10, 1921, when a proposed bill of exceptions was served upon plaintiffs' attorney, and noticed for settlement on October 17, 1921. Objections were duly filed and a motion made to strike the proposed bill of exceptions from the files. The circuit judge overruled the objections and denied the motion and signed the bill of exceptions, holding that:

"The defendants, under the statutes of this State, have the right to settle a bill of exceptions at any time within one year after date of judgment without any formal extension of time and without cause shown."

In motion No. 487 we are asked to issue the writ of mandamus directing the circuit judge to strike the bill of exceptions from the files, and in motion No. 488 (the record being here on writ of error) to dismiss the case and strike the bill of exceptions from the files of this court. Defendants' counsel seek to excuse the delay and want of order extending time by

a showing of the illness of the attorney having the matter in charge.

The principal question presented by both motions is to be determined upon a consideration of the statute and rules of the court relating to bills of exceptions. The statute, section 12634, 3 Comp. Laws 1915, provides, in substance, that no more than 20 days from the time of judgment, or denial of motion for a new trial, shall be allowed for the purpose of settling a bill of exceptions, except upon the stenographer's certificate that a transcript of the testimony has been ordered and will be furnished as soon as possible. No extension of time at all was granted in this case.

Circuit Court Rule No. 66 provides, in substance, that the party desiring to settle a bill of exceptions shall have 20 days after entry of judgment in which to do so, but the court may grant further time but not more than 60 days further time can be granted "except for good cause shown by affidavit on special motion after notice to the adverse party, or on the written stipulation of the parties."

The effect of the statute and rule is to require no order for the first 20 days, the certificate of the stenographer and an order for the next 60 days, and good cause shown upon special motion with notice or written stipulation for any order for further time. No order having been made extending the time beyond the 20-day period, service of the proposed bill of exceptions on May 15th without notice of time for settlement thereof was a mere nullity, and the trial judge had no power then, or later, to settle and sign the bill of exceptions.

Illness of counsel, if seasonably brought to the attention of the court, may authorize an extension of time, but cannot excuse failure to comply with the statute and rule mentioned.

It will be found upon an examination of the cases

that, if the time is extended by order of the court beyond the 20-day period, there is power to grant further extension and a discretion to settle and sign a bill of exceptions even after ordered time has expired, but if there has been no extension of the time beyond the 20-day period the power to settle a bill of exceptions does not exist.  *Boyne City Hardware Co.* v. *Charlevoix Circuit, Judge,* 197 Mich. 374; *Brevoort* v. *Wayne Circuit Judge,* 203 Mich. 388; *Gamble* v. *Oceana Circuit Judge,* 204 Mich. 410.

Defendants' counsel contend that the writ of error ought not to be dismissed, and the case should stand, if the bill of exceptions is stricken from the files, as one under Supreme Court Rule No. 11, where no bill of exceptions need be settled, and claim that defendants' assignments of error having been returned with the testimony the defendants are in a position to have their appeal heard.   As authority for this counsel cite *Rodgers Shoe Co.* v. *Coon,* 157 Mich. 547.   That case was in the circuit on certiorari to justice's court, and the testimony referred to in the opinion was taken in justice's court and a part of the record in the case, and did not fall at all within the rule relating to bills of exception.

*McBride* v. *Rea,* 33 Mich. 347, was an appeal of a chancery case to be heard *de novo* in the Supreme Court.

In *King* v. *Harrigan,* 142 Mich. 477, the testimony was that of a garnishee defendant and a part of the record in the circuit court.

Supreme Court Rule No. 11 relates to errors appearing of record, and not to errors requiring a bill of exceptions to get the same before the court.

We have concluded not to dismiss the writ of error but to leave defendants to such use as they can make thereof without a bill of exceptions.

The bill of exceptions having come to this court

upon writ of error, we find no occasion to grant the writ of mandamus directing the circuit judge to strike the same from the files. The motion to strike the bill of exceptions from the files of this court is granted, with costs against defendant Johnson.

FELLOWS, C. J., and STONE, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.