LAFFREY *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—RIGHT OF APPEAL LOST BY LAPSE OF STATUTORY PERIOD MAY NOT BE RESTORED BY JUDGE.

Where the right to appeal has been lost by allowing the statutory period within which to perfect an appeal to elapse, the circuit judge is without power to restore it.

Mandamus by Samuel A. Laffrey and another to compel Fred S. Lamb, acting circuit judge of Wayne

222—Mich.—44.

county, to vacate an order imposing conditions on an extension of time to perfect an appeal in chancery. Submitted January 2, 1923. (Calendar No. 30,561.) Writ denied May 3, 1923. Rehearing denied June 12, 1923.

*Ben C. Hughes,* for plaintiffs.

*Edmund M. Sloman,* for defendant

MCDONALD, J. On the 2d day of June, 1922, the defendant, acting as circuit judge in the Wayne circuit court, entered a decree dismissing plaintiffs' bill in a suit against Henry W. Campbell and Katherine H. Campbell. Within 20 days after the date of the decree the plaintiffs filed a claim of appeal with the clerk and paid the statutory fee. Nothing was done by way of obtaining an extension of time in which to make and prepare their case on appeal, until the 21st day of August, when they procured a certificate from the stenographer and secured an extension of time to August 22, 1922. At the same time they made a motion to be heard on August 25th for a further extension until October 22, 1922. On the 25th day of August, 1922, the circuit judge made and filed an order extending the time until October 22d, on condition that plaintiffs discharge a notice of *lis pendens* filed with the register of deeds on the commencement of the suit. Plaintiffs here seek a writ of mandamus to compel the defendant to vacate that portion of his order of August 25, 1922, requiring them to file a discharge of the *lis pendens* as a condition to granting an extension of time within which to settle their case on appeal.

The plaintiffs allowed the 20-day stay to expire without taking any steps under the statute to have the time extended beyond that period. They then lost their right to appeal. The circuit court could not

restore it.   In *Perkins* v. *Perkins*, 173 Mich. 690, it was said:

"This court has no original jurisdiction to hear and determine appeals in chancery, and appeals lie from decrees of circuit courts, in chancery, only because they are permitted by the legislature. Having the power to permit or refuse appeals to be taken, the legislature has the power to prescribe the conditions which shall attend and control the taking of such appeals. The legislature has not qualified or limited an existing right, but has created a right, to be exercised within a prescribed period of time, in a prescribed manner. Whether an appeal shall be allowed in this cause is not a question of discretion of the court, but one of compliance with the conditions which the legislature has prescribed for taking such appeals. In other words, the jurisdiction of the court to hear and determine the appeal depends upon whether the statute has been followed."

There must be an extension beyond the 20-day period or the right to appeal is lost. *Miley* v. *Grand Traverse Circuit Judge*, 217 Mich. 415.

The statute must be followed. The legislature had a wise purpose in enacting legislation to control and regulate the time and method in making and perfecting appeals. It provided with clear and sufficient liberality for the protection, under all circumstances, of the rights of an appealing party. These provisions must be complied with or the right to appeal is lost, and when once lost it cannot be restored by the court. In the instant case the proceedings pointed out by the statute were not followed. No extension of time was secured beyond the 20-day period. Thereafter, the circuit judge had no jurisdiction to make an order granting further extension. The order in question was without authority.

The writ of mandamus is denied.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.