BURTON *v.* ROYAL OAK BUILDING CO.

1. APPEAL AND ERROR—JURISDICTION OF COURT TO SETTLE BILL OF EXCEPTIONS SHOULD BE RAISED BY MOTION TO DISMISS.

The question of the jurisdiction of the trial court to grant an extension of time for settling a bill of exceptions should be raised in the Supreme Court by motion to dismiss rather than in the brief.

2. SAME—EXTENSION OF TIME TO SETTLE BILL OF EXCEPTIONS.

The entry of an order by the clerk of the court, on the day that the verdict was rendered, granting a further stay of 60 days in which to settle a bill of exceptions and move for a new trial, in addition to the 20-day period provided by the statute, was wholly unauthorized and therefore of no effect, and where no effort was made to secure an extension during the 20-day period in the manner directed by the statute, the court was without jurisdiction to grant an extension of time or to settle a bill of exceptions.

3. SAME—STIPULATIONS—CONSENT TO STAY MUST BE IN WRITING OR IN OPEN COURT.

Consent of counsel for an extension of time for settling a bill of exceptions, to be effective, must be in writing or given in open court and entered on the journal.

Error to Oakland; Covert (Frank L.), J.   Submitted January 5, 1923.   (Docket No. 44.)   Decided June 4, 1923.

Assumpsit by Charles W. Burton and another, co-partners as the Burton Land Company, against the Royal Oak Building Company for commissions on the sale of certain real estate.   Judgment for plaintiffs. Defendant brings error.   Dismissed.

*A. L. Moore* and *Dondero, Howarth & Hoxie,* for appellant.

*Race, Haas & Allen* (*Lynch & Lovett,* of counsel), for appellees.

McDONALD, J.    This suit was brought to recover a commission on the sale of real estate.    On the 28th day of October, 1921, plaintiffs recovered a verdict for $2,798.22.    Judgment was entered November 15, 1921.    On the same day that the verdict was rendered, October 28, 1921, the clerk of the court entered an order granting a stay of execution for 20 days, and a further stay of 60 days to settle a bill of exceptions and move for a new trial.    On the 14th day of December, defendant ordered a transcript of the testimony which was furnished on the 24th day of March, 1922.    On January 3, 1922, the time in which to settle a bill of exceptions was extended to April 1, 1922. On that date and on several occasions thereafter, on motion of the defendant, the time was extended until the bill of exceptions was settled on the 11th day of September, 1922.    The plaintiffs' counsel appeared and opposed these several motions, claiming that the first order made on the 28th day of October, 1921, was void, and that after the 20-day stay had expired the court was without authority and jurisdiction to grant further time and to settle a bill of exceptions.    Counsel also filed written objections at the time the bill of exceptions was settled.    The question is here raised in their brief instead of by motion to dismiss. No motion for a new trial was made during the 20-day stay period.

The 60-day stay granted on the 28th day of October, 1921, was wholly unauthorized by statute or rule and was of no effect.    After the 20-day period had expired, no attempt having been made to secure an extension in the manner directed by the statute, the

court had no further jurisdiction in the matter.    He could not grant an extension of time nor settle a bill of exceptions.    3 Comp. Laws 1915, § 12634; *Miley* v. *Johnson*, 217 Mich. 415; *Brevoort* v. *Wayne Circuit Judge*, 203 Mich. 388; *Reynick* v. *Saginaw Circuit Judge*, 210 Mich. 563.

Counsel for the defendant, however, claim that the first 60-day extension was entered by consent and was therefore as effective as if it had been obtained in accordance with the provisions of the statute.    To be effective consent must be in writing or given in open court and entered on the journal.    In *Reynick* v. *Saginaw Circuit Judge, supra,* this court said:

"Counsel by written stipulation and without procuring the stenographer's certificate, may extend the time for settling a bill of exceptions, not exceeding the time limited by statute.    An order entered upon the journal of the court by consent of counsel in open court is equally effective."

Plaintiffs' counsel here deny that they or any of them consented to the entry of the order granting the original stay of 60 days.    The journal entry is silent on the question and we find nothing in the record showing that there was any consent in writing or verbally in open court or elsewhere.    In view of these facts and the failure of the defendant to comply with the mandatory provisions of the statute, the circuit judge was without authority to sign the bill of exceptions.    This court has not acquired jurisdiction of the cause.

The writ of error is dismissed.    As the plaintiffs raised the question seasonably they will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.