BREISACHER *v.* JUDGE OF RECORDER'S COURT OF
DETROIT.

GILBERT *v.* SAME.

1. EMINENT DOMAIN — MOTION FOR NEW TRIAL — EXTENSION OF TIME.

Under the charter of the city of Detroit, in condemnation proceedings a motion for a new trial must be made within two days after the rendition of the verdict unless further time is allowed by the court, and if a party by neglect to move within the two-day period loses his right to move for a new trial the court may not thereafter restore it.

2. SAME—JURISDICTION—NEW TRIAL.

Although a party has lost his right to move for a new trial, and the court is without jurisdiction to entertain a motion for an extension of time or for a new trial, it may still grant a new trial on its own motion.

3. SAME—EXTENSION OF TIME—NEW TRIAL—DISCRETION OF COURT.

Where a party has either made his motion for a new trial or secured an extension of time during the two days as provided in the statute, the matter of further extensions and of granting a new trial on his application rests in the discretion of the court, and in such case the court may grant further time or a new trial even after the extension allowed has expired.

4. SAME — MANDAMUS — NEW TRIAL—DISCRETION OF COURT NOT REVIEWABLE.

Where, in condemnation proceedings, an extension of time to move for new trial was secured within the statutory two-day period, and the court therefore had discretionary power to grant an extension and a new trial after expiration of the original extension, the discretion of the court in granting a new trial will not be reviewed on mandamus.

Mandamus by Leo Breisacher, Waite B. Gilbert, and Herbert L. Berdan, guardian *ad litem* of Marjorie G. Prahl, a minor, to compel Edward J. Jeffries, judge of the recorder's court of Detroit, to vacate certain

orders granting new trials in condemnation proceedings. Submitted April 3, 1923. (Calendar Nos. 30,269, 30,273.) Writs denied June 4, 1923.

*Howard H. Colby,* for plaintiff Breisacher.

*Warren, Cady, Hill & Hamblen,* for plaintiffs Gilbert and Berdan.

*John R. Watkins,* Assistant Corporation Counsel, for defendant.

MCDONALD, J. The issues here involved grow out of certain condemnation proceedings in the recorder's court of the city of Detroit. The city sought the property in question for use of the fire department. On the trial the jury returned a verdict for the defendants in the sum of $86,000. The verdict was rendered on the 15th of November, 1921. On the 17th of November the city asked for an extension of time in which to file a motion for a new trial. The time was extended to November 27, 1921. On November 26, 1921, without any motion for a new trial having been filed, upon motion of the city, an order was entered "that the hearing of arguments for the motion for a new trial heretofore filed in the above entitled cause be continued until the 30th day of November, A. D. 1921, at 9:30 o'clock a. m." On December 1, 1921, on motion of the city, the time within which to move for a new trial was extended for 10 days or to December 12, 1921. On December 7, 1921, a motion for a new trial was filed and on December 10th these plaintiffs filed a motion to strike the motion for a new trial from the files and to enter an order confirming the verdict of the jury. On December 17th, a motion was made by the city for an order *nunc pro tunc* extending the time within which to file a motion for a new trial for a period of 10

days from November 25, 1921.   On March 11, 1922, a hearing was had before the defendant on these various motions.   He denied the motion for an order *nunc pro tunc.*   He denied the motion to strike the motion for a new trial from the files.   He denied the motion to enter an order confirming the verdict, but granted the motion for a new trial.   The plaintiffs are here seeking a writ of mandamus to compel the defendant to strike from the files the motion for a new trial, to confirm the verdict and to set aside the order granting the new trial.

It is first urged by counsel for the plaintiffs that the defendant was without jurisdiction to grant the motion for a new trial because it was not filed within the two days allowed by the statute nor within the extension of time granted by the court.   The original extension of time expired on the 27th day of November without any motion for a new trial having been filed, and without more time having been secured. Nothing further was done until December 1st, when on motion of the city the court again extended the time for 10 days or until December 12th.   It is the claim of the plaintiffs that not having filed its motion on or before November 27th, the city lost its right to move for a new trial, and that thereafter the court had no power to further extend the time nor to grant the motion for a new trial.

The city charter provides that in condemnation cases a motion for a new trial must be made within two days after the rendition of the verdict unless further time is allowed by the court.   Unless the moving party makes his motion during the two days or secures an extension of time during the two days, he loses his right to move for a new trial and the court cannot thereafter restore it.   This does not mean that a new trial cannot thereafter be granted.   The court can do that on its own motion, but it has lost jurisdiction to en-

tertain a motion by the party either for an extension of time or for a new trial. If, however, the party has complied with the statute and either made his motion for a new trial or secured an extension of time during the two days, the matter of further extensions and of granting a new trial on his application rests in the discretion of the court. And, in such case, the court may, in its discretion, grant further time or a new trial even after the extension allowed has expired. What was said by Justice Wiest, speaking for the court, in *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415, applies to the proceedings here. The court in that case had under consideration the statute relative to the extension of time for the settlement and signing of bills of exception. It was there said:

"If the time is extended by order of the court beyond the 20-day period, there is power to grant further extension, and a discretion to settle and sign a bill of exceptions even after ordered time has expired, but if there has been no extension of the time beyond the 20-day period, the power to settle a bill of exceptions does not exist."

In the instant case the same rule may be applied. The time was extended by order of the court during and beyond the two-day period. After that the court had power to grant further extensions on the city's application, or a new trial, even after ordered time had expired, but if there had been no extension of time during and beyond the two-day period, the power to grant a new trial did not exist except on the court's own motion. The extension granted during the two-day period expired on November 27th. From that time until December 1st, a period of three days, no motion was pending and no extension was in effect. On December 1st counsel for the city made

a motion for another extension and the court allowed it. During that extension a motion for a new trial was filed and subsequently granted. The court had discretionary power to grant this extension and a new trial after the expiration on November 27th of the original extension. This discretion will not be reviewed on mandamus. *General Necessities Corporation* v. *Wayne Circuit Judge*, 214 Mich. 138, and cases therein cited.

There are no other questions which require discussion.

The writ is denied, with costs to the defendant.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.