SOPER *v.* TUSCOLA CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—JURISDICTION OF COURT TO EXTEND TIME
   FOR SETTLING—MOTION FOR NEW TRIAL.
   In determining whether the circuit judge had jurisdiction,
   under 3 Comp. Laws 1915, § 12634, to extend the time
   for settling a bill of exceptions, motions and orders made
   with reference to a new trial may be disregarded where
   the application for a new trial was not made within 20
   days after judgment.

2. SAME.
   Unless application to extend the time for settling a bill
   of exceptions is made within 20 days after judgment, the
   circuit judge is without jurisdiction to extend the time.

Mandamus by Chandler De Van Soper to compel
William B. Williams, presiding circuit judge of Tus-
cola county, to vacate an order extending the time to
settle a bill of exceptions.    Submitted January 9,
1923.    (Calendar No. 30,465.)    Writ granted June
4, 1923.

*Wixson & Quinn* (*John C. Hewitt*, of counsel), for
plaintiff.

*Kinnane & Leibrand*, for defendant.

BIRD, J.    In the Tuscola circuit court the last will
and testament of Grant D. Soper was contested by
Lucinda Soper.    Plaintiff herein was proponent of
the will.    The jury rendered a verdict sustaining the
will, and thereafter the following entries were made:

April 3, 1922.    Judgment was rendered on the
verdict.
May 2, 1922.    Motion filed to extend time to move
for a new trial.

May 11, 1922. Order filed extending time to file motion for new trial.

June 27, 1922. Order filed denying motion for new trial.

July 6, 1922. Motion filed to extend time to settle bill of exceptions.

July 15, 1922. Order filed extending time to settle bill of exceptions to September 2, 1922.

Counsel for plaintiff contends that the trial court had no power to make the order of July 15th, and asks this court for a writ of mandamus to compel the defendant to vacate it.

Counsel's claim in the premises is that:

"The defendant circuit judge lost all jurisdiction in the matter of the settlement of a bill of exceptions when no time was granted therefor *within the 20 days* fixed by the statute and no move made with reference thereto until 97 days had elapsed following the verdict, and 94 days following the judgment."

In considering the question we may disregard the motions and orders made with reference to a new trial, for the reason that the application was not made for a new trial within 20 days after judgment. 3 Comp. Laws 1915, § 12634. Judgment was rendered on April 3, 1922. No effort was made to extend the time to settle the bill of exceptions until July 6th. This was 94 days. In order to justify an extension on this date it was necessary to have the certificate of the stenographer before the court, which, as I understand, was duly furnished on that date. Contestant was entitled, as a matter of course, to the first 20 days. She was then entitled to 60 days more on production of the certificate of the stenographer. This would entitle her to 80 days from the time judgment was rendered. The time which actually elapsed was 94 days, or 14 days in excess of the 20-day period, and the 60-day extension. In order to justify the court in

extending the time beyond the 80-day period it would be necessary to have before him a showing for cause. My understanding is that this showing was made. We need not, however, concern ourselves with this phase of the case as counsel's precise point is that the 60-day order following the 20-day order must be applied for before the 20-day order expires.

The rule of construction contended for by counsel was applied in the case of *Kaiser* v. *Wayne Circuit Judge,* 162 Mich. 247. Upon a rehearing, however, the court receded from its position, and upon rehearing it was said:

"A rehearing is denied, for the reason that the order of the court below extending the time in which to settle a bill of exceptions was properly set aside. *But in so far as the opinion limits the right of the court to at any time entertain a motion, supported by affidavits, after due notice to opposing counsel, to extend the time for settling exceptions, we think it should be modified.* We are impressed that, in view of some former decisions of the court, a rule upon this subject should be announced only in the form of a rule to take effect in the future."

A reconsideration of the language of the statute has led us to hold in effect in *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415, that the statute was mandatory and that unless the 60-day extension was applied for before the 20-day period expired, the court lost jurisdiction and could grant no further time. In this view the contention of plaintiff is right and the writ of mandamus must issue, if necessary.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.