NEAL *v.* ST. CLAIR CIRCUIT JUDGE.

APPEAL AND ERROR—LAPSE OF TIME TO PERFECT APPEAL—JURISDICTION LOST.

> Where the statutory period within which an appeal should be perfected has been allowed to lapse without an order of the court extending same, the court is without jurisdiction later to enter such order.

Mandamus by Henry A. Neal and others to compel Harvey Tappan, circuit judge of St. Clair county, to vacate an order extending the time for perfecting an appeal.    Submitted June 26, 1923.    (Calendar No. 30,891.)    Writ granted July 19, 1923.

*Walsh & Walsh* and *Wunsch & Wunsch,* for plaintiffs.

*Shirley Stewart* and *J. B. McIlwain,* for defendant.

BIRD, J.    On August 19, 1921, Francis B. Eby and Ollie B. Eby filed an equity bill in the St. Clair cir-

cuit court to establish a claimed easement over certain lands described in the bill. A hearing was had and, on November 13, 1922, a decree was signed and filed dismissing the bill. On November 16th, three days later, a claim of appeal was filed and appeal fee paid by plaintiffs in that suit. On March 12, 1923, a copy of plaintiffs' proposed case and notice of settlement thereof was served upon defendants in that case. On April 14, 1923, the defendant in this case, as circuit judge, entered an order extending the time to settle the case to May 1, 1923. It is this order which plaintiffs complain of and pray for a writ of mandamus to compel defendant to set aside the order.

It appears that after filing the claim of appeal and paying the appeal fee on November 16, 1922, no order was made extending the time until March 17, 1923, and it is claimed by plaintiffs that the defendant had no jurisdiction to extend the time as he did in the order complained of. This question was determined in the case of *Laffrey* v. *Wayne Circuit Judge,* 222 Mich. 689, in accord with plaintiffs' contention. The opinion was filed May 3, 1923, and probably did not come to the attention of defendant before his conclusion was reached in this case. After this opinion is brought to the attention of defendant, if necessary, the writ of mandamus may issue as prayed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.