WALSH v. KENT CIRCUIT JUDGE.

1. APPEAL AND ERROR—RIGHT OF APPEAL STATUTORY—JURISDICTION MAY NOT BE CONFERRED BY CONSENT.

> The right of appeal is statutory, and jurisdiction may not be conferred on the appellate court by consent or waiver.

2. SAME—JURISDICTION TO SETTLE BILL OF EXCEPTIONS LOST WHERE NO EXTENSION GRANTED WITHIN 20-DAY PERIOD.

> Where the court, within the 20-day period, extends the time to settle a bill of exceptions or to settle a case, there is jurisdiction to grant further extensions, but where no extension is granted within such 20-day period, jurisdiction thereafter to sign or settle a bill of exceptions or case settled or to grant further extensions of time is lost.

Mandamus by Michael Walsh, executor of the last will of Daniel Walsh, deceased, and others to compel Willis B. Perkins, circuit judge of Kent county, to settle a bill of exceptions. · Submitted October 16, 1923. (Calendar No. 31,108.) Writ denied November 13, 1923.

*Bartel J. Jonkman* (*William K. Clute*, of counsel), for plaintiffs.

*Irving H. Smith*, for defendant.

FELLOWS, J. On April 16, 1923, a decree was filed in the circuit court for the county of Kent, in chancery, granting relief against the present plaintiffs. Within · 20 days after the filing of such decree they filed claim of appeal and the usual certificate of the stenographer and paid the $5 clerk's fee. They did not within this period obtain any order or stipulation extending the time to settle a case beyond such period. Some time after the expiration of the 20-day period a stipulation

was filed and order entered thereon extending the time to settle a case. Upon such case being presented for settlement plaintiffs were met with the objection that the court had lost jurisdiction to settle a case by reason of their failure within the 20-day period to obtain an extension of time beyond that period. Defendant circuit judge sustained the objection and declined to sign and settle the case.

The right of appeal is statutory and jurisdiction may not be conferred on the appellate court by consent or waiver. *Bolton* v. *Cummings*, 200 Mich. 234. This court has recently on several occasions considered the question here involved. Where the court within the 20-day period extends the time beyond such period there is jurisdiction to grant further extensions, but where no extension is granted within such 20-day period beyond such period, jurisdiction to sign or settle a bill of exceptions or case settled or to grant further extensions of time is lost. *Miley* v. *Grand Traverse Circuit Judge*, 217 Mich. 415; *Laffrey* v. *Wayne Circuit Judge*, 222 Mich. 689; *Burton* v. *Royal Oak Building Co.*, 223 Mich. 29; *Soper* v. *Tuscola Circuit Judge*, 223 Mich. 320; *Neal* v. *St. Clair Circuit Judge*, 224 Mich. 125. The holding of defendant circuit judge here reviewed was in accordance with the opinions in these cases.

The writ will be denied, with costs to defendant.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.