DAVIS *v.* MACOMB CIRCUIT JUDGE.

1. APPEAL AND ERROR—ORDER EXTENDING TIME TO APPEAL MUST BE MADE WITHIN 20 DAYS AFTER ENTRY OF DECREE.
   If the time to settle a case on appeal is not extended by order made within 20 days after entry of decree, power to later extend the time does not exist.

2. SAME—APPEAL NOT MATTER OF RIGHT BUT OF PERMISSION.
   An appeal is not a matter of right, but wholly of permission, and regulatory procedure must be observed.

3. SAME—ORDER EXTENDING TIME MAY NOT BE SIGNED UNLESS STENOGRAPHER'S CERTIFICATE BEFORE JUDGE.
   The circuit judge may not sign an order extending the time unless he has before him the certificate of the stenographer showing that a copy of the record has been ordered.

4. SAME—COUNSEL'S DUTY TO SEE THAT CERTIFICATE IS FILED AND PRESENTED TO JUDGE.
   It is the duty of counsel seeking an order extending the time to see that the stenographer's certificate is not only filed, but also presented to the judge, and this duty may not be shifted to the judge, who is under no obligation to direct the clerk to notify him when such certificate is filed.

5. SAME—NO AUTHORITY TO SIGN ORDER EXTENDING TIME AFTER 20 DAYS EXPIRED, ALTHOUGH CERTIFICATE ON FILE.
   Where, at the time request for an order extending the time reached the judge, the stenographer's certificate had not been filed, and the judge therefore did not sign the order, he had no authority, after expiration of the 20 days, to sign it, although it appears that the certificate was filed within the 20 days, but not called to the judge's attention.

6. SAME—VACATING ORDER.
   An order extending time to appeal, made after expiration of the 20 days, was properly set aside.
   BIRD, CLARK, and MCDONALD, JJ., dissenting.

[1]Appeal and Error, 4 C. J. § 2008; [2]Id., 3 C. J. §§ 29, 1031; [3]Id., 4 C. J. § 2008; [4]Id., 4 C. J. § 2008; [5]Id., 4 C. J. § 2008; [6]Id., 4 C. J. § 2008.

Mandamus by Emily Davis to compel Neil E. Reid, circuit judge of Macomb county, to vacate an order setting aside an extension of time to perfect an appeal.    Submitted April 12, 1927.    (Calendar No. 33,032.)    Writ denied June 24, 1927.

*Walter M. Nelson*, for plaintiff.

*Bert V. Nunneley*, for defendant.

WIEST, J.    In this proceeding plaintiff seeks our writ of mandamus directing the judge of the Macomb circuit to set aside an order vacating an order extending time in which to settle a case on appeal.

July 15, 1926, decree was signed in the case of Fred Davis *v.* Emily Davis.    July 21, claim of appeal was filed and the statutory fee paid.    July 26th, the circuit judge received a letter from counsel for plaintiff herein, inclosing a motion to extend the time to settle a case on appeal, a proposed order reciting that the certificate of the reporter had been filed, an affidavit of counsel, and asking the circuit judge to sign the order, and inclose a copy in an envelope sent stamped and addressed to Mr. Nunneley.    The stenographer's certificate was filed with the clerk of the court July 26th, but was not on file when the judge received the letter and was not presented to the judge. Before signing the order the judge wanted information and endeavored to find out from the stenographer if the testimony had been ordered and a certificate given, but the stenographer was not then in his office.    The judge also attempted to telephone Mr. Nunneley to ascertain the fact but did not reach him, and, being busy, gave the matter no further attention until August 12, 1926, when he signed the order.    January 6, 1927, that order was vacated and set aside because no order had extended the time beyond the first 20

days.     Plaintiff herein wants the last order vacated and thereby restore the order of August 12th.

It is well settled that, if the time is not extended by order made within the first 20 days, power to later extend the time does not exist.     *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415; *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

An appeal is not a matter of right, but wholly of permission, and regulatory procedure must be observed.     Under the return of defendant, the stenographer's certificate was not on file when he received the proposed order extending the time.     He could not sign the order without such certificate before him. He was under no obligation to retain the matter in mind or direct the clerk to notify him if, and when, such certificate reached the files.     It was for counsel to see that the certificate was not only filed, but as well presented to the judge, as the basis for the order, and no shifting of this duty of the attorney to the judge was accomplished, could come about, or can be recognized.     In August, when the judge signed the order, power to do so did not exist.     He could not then, by relation back to the filing, make the order *nunc pro tunc,* because it would be signing an order in August not granted in July.     *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455.     Counsel should have brought the certificate to the attention of the judge and not left it for the judge to perform such duty for him.

Right to settle a case on appeal was lost, and we experience no inclination to place any of the blame for such loss upon the judge.     The circuit judge rightfully did not sign the proposed order in July.     It was not for the judge to take further care of the matter, but for counsel to attend thereto.     The order made in August was a nullity, and the order in January, vacating it, was right.

The writ is denied, with costs.

SHARPE, C. J., and SNOW, STEERE, and FELLOWS, JJ., concurred with WIEST, J.

CLARK, J. (*dissenting*).    The writ should be granted.    The plaintiff, seeking to appeal within the 20-day period, requested order extending time and also within the 20-day period produced and filed the stenographer's certificate.    To say that in such circumstances, because the order extending time was not in fact made within the 20-day period, the right of appeal has been lost, is to carry the statute to an extreme to which I am not willing to go.

BIRD and MCDONALD, JJ., concurred with CLARK, J.