FRY *v.* WAYNE CIRCUIT JUDGE.

SAME *v.* SAME.

1. EXCEPTIONS, BILL OF—EXTENSION OF TIME FOR SETTLEMENT.
Where appealing party has filed certificate of stenographer showing that transcript of testimony has been ordered he is entitled, on *ex parte* application made within 20 days after entry of judgment, to 60-day extension of time for settlement of bill of exceptions (Former Circuit Court Rule No. 66, subd. 2; 3 Comp. Laws 1915, § 12634).

2. SAME—MANDAMUS—ANSWER OF JUDGE MUST BE ACCEPTED.
On mandamus to compel circuit judge to extend time, beyond 20 days after entry of judgment, for settlement of bill of exceptions and to move for new trial, Supreme Court must accept answer of judge.

3. SAME—NECESSARY THAT STENOGRAPHER'S CERTIFICATE BE FILED.
Mandamus will not issue to compel circuit judge to extend time, beyond 20 days after entry of judgment, for settlement of bill of exceptions and to move for new trial, where stenographer's certificate showing that transcript of testimony had been ordered was not filed within 20 days after entry of judgment, although counsel had said certificate in his possession and motion for extension was made within 20 days.

Mandamus by Vernon C. Fry against Maurice H. McMahon, Wayne circuit judge, to grant an extension of time in two cases consolidated and heard as one for settlement of a bill of exceptions and to move for a new trial. Submitted February 3, 1931. (Calendar Nos. 35,306, 35,307.)   Writs denied April 7, 1931.

*S. Pointer Bradley,* for plaintiff.

*Charles R. Robertson* (*Benedict H. Lee,* of counsel), for defendant.

WIEST, J.   Plaintiff herein seeks our writ of mandamus directing the circuit judge to extend the time, beyond 20 days after entry of judgment, for settlement of a bill of exceptions and to move for a new trial.

The case of Elizabeth Taylor against plaintiff herein was tried in the circuit court without a jury. At the close of the proofs, on May 21, 1930, the trial judge stated that plaintiff was entitled to have judgment, but he would take time for preparing his reasons. Defendant requested findings. The court granted 20 days after entry of judgment in which to move for a new trial or settle a bill of exceptions. June 18, 1930, the findings were filed and, June 19th, judgment entered against defendant.

Counsel for plaintiff claims that he was entitled to notice of entry of judgment and received none. It is apparent, however, that he did learn of the judgment at least as early as July 3d, for on that day the court stenographer certified that a transcript of the testimony had been ordered. July 5th, counsel for defendant therein mailed to counsel for plaintiff a copy of a motion, to be heard on July 8th, for an extension of 60 days within which to settle

a bill of exceptions and for stay of proceedings and approval of a stay bond. Hearing of this motion was opposed because the notice thereof was less than four days. The trial judge was on vacation, and, after some postponements, the matter was submitted to defendant herein, who, on July 28th, approved the bond for stay of proceedings, entered an order extending the time for filing exceptions to the findings, and, on August 1, 1930, denied the motion for an extension of time to move for a new trial, settle a bill of exceptions, and for a stay of proceedings.

Counsel for plaintiff herein contends that he was "entitled to an *ex parte* order, without notice, for the first extension beyond 20 days, upon production of the surety company bond and official stenographer's certificate, which he held up in his hand before the bench, and stated that he had these that morning." This was on July 8th, and within 20 days after judgment. Relative to this the defendant herein makes the following answer:

"That on July 8, 1930, both counsel appeared before Judge Moll to argue petitioner's motions; that petitioner's counsel then had in his possession a surety bond in the sum of $3,000, and also the official stenographer's certificate, but that neither the bond nor certificate was handed to nor seen by Judge Moll; that when said motion was called plaintiff's counsel objected to the hearing of same on the ground that he had not been given the four days' notice which he claimed he was entitled to under the rules of this court; that petitioner's counsel insisted that plaintiff's counsel was not entitled under the rules to four days' notice on the first motion for extension of time beyond 20 days; that Judge Moll held that plaintiff's counsel was entitled to four days' notice and therefore adjourned the hearing of all the motions until July 14, 1930."

Judge Moll was in error. Former Circuit Court Rule No. 66, subdivision 2; 3 Comp. Laws 1915, § 12634 (3 Comp. Laws 1929, § 14313); *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415, 418; *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

We must accept the answer of the circuit judge. The record does not show that the stenographer's certificate has ever been filed. Had the certificate been filed within 20 days after the judgment plaintiff herein could be granted relief. It was necessary to file the certificate within the 20 days. *Davis* v. *Macomb Circuit Judge,* 239 Mich. 447.

The writ is denied, with costs.

This holding applies as well to the case of *Charles R. Robertson et ux.* v. *Vernon C. Fry,* submitted herewith.

BUTZEL, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.