SANTAMORE v. ALGER CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—REDUCTION TO NARRATIVE FORM—COURT RULES.
   Trial court properly refused to settle a bill of exceptions which had not been reduced to narrative form in compliance with court rule (Court Rule No. 66, §§ 5, 9 [1933]).

2. SAME—JURISDICTION TO SETTLE—FORM—EXTENSION OF TIME.
   A trial court lost jurisdiction to settle bill of exceptions where on last day when it could have done so, the bill of exceptions was not in proper form and, although court extended an invitation for application for further time in which to put it in proper shape, invitation was not accepted (3 Comp. Laws 1929, § 14313; Court Rule No. 66, §§ 2, 5, 9 [1933]).

Petition by Joseph Santamore, guardian of Joseph Santamore, Jr., for a writ of mandamus to compel Herbert W. Runnels, Alger Circuit Judge, to settle a bill of exceptions. Submitted March 14, 1939. (Calendar No. 40,326.) Writ denied April 4, 1939.

*Leslie Erickson,* for petitioner.

*George C. Quinnell* (*R. W. Nebel,* of counsel), for respondent.

CHANDLER, J. Petitioner instituted a tort action against one Eli Lampi, which resulted in a verdict of no cause of action being entered on June 10, 1938.

On June 28, 1938, he filed a claim of appeal, stenographer's certificate, and the necessary appeal bond. On July 6, 1938, he directed a letter to the trial judge, inquiring as to when and where he should notice the settlement of the bill of exceptions.

No reply was received to the letter, as well as to a telegram making similar inquiry which was dispatched two days later.

July 11, 1938, petitioner served defendant's counsel with what purported to be a proposed bill of exceptions, noticing the same for settlement in the city of Munising on July 16, 1938 at 1:30 o'clock in the afternoon. The proposed bill of exceptions in question was not reduced to narrative form as required by Court Rule No. 66, § 9 (1933). Counsel for both parties appeared at the time and place mentioned, but there was no appearance by the respondent herein, the trial judge. It was discovered that the court was sojourning at his summer home in Bay Mills, and, in response to a second telegram, he stated that the cause could be heard at his office in Bay Mills on July 18th. Defendant's counsel was given oral notice of the hearing on Sunday, July 17, 1938.

Counsel for both parties appeared at Bay Mills at the time appointed, and objections to the settlement of the bill were filed on behalf of defendant, including, among others, an alleged failure on behalf of petitioner to comply with Court Rule No. 66, §§ 5, 9 (1933). In view of the objections raised, respondent suggested an order be entered continuing the hearing for a period of 20 days. An order of continuance as suggested was entered July 25, 1938. However, at no time did petitioner make application for and receive an order extending the time for settlement of the bill of exceptions.

On July 19, 1938, petitioner served defendant's counsel with the original transcript of the stenographer's minutes taken at the trial. On August 6, 1938, the parties again appeared before respondent, at which time defendant's counsel filed amended ob-

jections to the settlement. After consideration of the matter, respondent refused to settle the bill on the ground that he had lost jurisdiction to do so. Thereupon, petitioner filed his application herein, praying that respondent "be ordered to show cause why a peremptory mandamus should not issue out of this Court demanding him to grant the motion made as aforesaid by your petitioner."

We elect to ignore many apparent procedural defects and to dispose of the matter in the form presented.

As provided by 3 Comp. Laws, 1929, § 14313 (Stat. Ann. § 27.1042) and Court Rule No. 66, § 2 (1933), settlement of the proposed bill of exceptions should have been noticed for hearing sometime within 20 days following the filing of the claim of appeal. Petitioner complied with this provision, but failed to satisfy the provisions of sections 5 and 9 of the mentioned rule. The trial court, therefore, properly refused settlement on July 18, 1938, which was the last day in which settlement could be made, in the absence of a further extension of time. On this date, respondent invited an application for an extension of time and indicated that if the same was made, an extension would be granted. However, petitioner's counsel did not see fit to accept the invitation, and in the absence of such an order, the court lost jurisdiction to settle the bill.

In commenting upon the time permitted by statute and rule within which to settle a bill of exceptions, we said, in *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415:

"It will be found upon an examination of the cases that, if the time is extended by order of the court beyond the 20-day period, there is power to grant further extension and a discretion to settle

and sign a bill of exceptions even after the ordered time has expired, but if there has been no extension of the time beyond the 20-day period the power to settle a bill of exceptions does not exist."

See, also, *Walsh* v. *Kent Circuit Judge,* 225 Mich. 51.

The petition is denied for the foregoing reasons.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.