BOARD OF EDUCATION OF THE CITY OF DETROIT *v.* FLANZ.

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—NEW TRIAL.
    The trial court was without jurisdiction to grant a new trial in condemnation proceedings by school district, except to prevent an obvious miscarriage of justice, where motion for such purpose was not filed until 15 days after verdict was confirmed, and further time had not been allowed within 6-day period allowed by statute in which to move for a new trial (CL 1948, § 213.33).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEW TRIAL—DISCRETION OF COURT.
    The sole question properly before the Supreme Court on appeal from order confirming an award in condemnation proceedings

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  18 Am Jur. Eminent Domain § 366.
[2]  18 Am Jur, Eminent Domain § 373 *et seq.*

and denying a new trial therein is whether or not there was an abuse of discretion by the trial court in denying the motion for new trial (CL 1948, § 213.33).

3. EMINENT DOMAIN—REVIEW OF AWARD—DISCRETION OF COURT.
   Denial of motion for new trial and to set aside order confirming jury's award in school district's condemnation proceeding *held,* not an abuse of discretion, where the motion involved was late and award made was carefully reviewed by the trial court and higher than the amount which had been offered prior to condemnation (CL 1948, § 213.33).

Appeal from Recorder's Court of Detroit; Schemanske (Frank G.), J. Submitted April 12, 1962. (Docket No. 65, Calendar No. 49,387.) Decided September 10, 1962.

In the matter of the petition of the Board of Education of the City of Detroit, a public corporation, for the taking by condemnation of private property. Motion by Anthony Flanz to set aside award of jury, to set aside confirmation of award, and for rehearing. Motion denied. Defendant Anthony Flanz appeals. Affirmed.

*Harry A. Spector,* for plaintiff.

*Alan N. Brown,* for defendant.

ADAMS, J. This is an appeal from order of the recorder's court for the city of Detroit confirming condemnation award and denying motion to set aside the award of the jury and grant a rehearing.

The condemnation petition was filed on October 4, 1960. On October 25, 1960, appellant entered his personal appearance on a form which stated "If a lawyer is to represent you, he should enter your appearance." Appellant claims he was later told his property was not going to be condemned and that consequently he did not have time to prepare

for trial. However, appellant was represented by counsel at the trial. The contention is further contradicted by appellant's testimony on direct examination, in which he stated "about 2 weeks back—that's when we found out what we would get."

Appellant's expert witness fixed a total value for the premises of $29,919. Expert witness for the appellee set a value of about $21,000. The jury, after viewing the premises, awarded $23,000 for the property and $250 removal damages. The verdict was confirmed February 2, 1961. Proof of service of confirmation of award was filed February 6, 1961.

On February 15, 1961, there was a substitution of attorneys for appellant. On February 17th, objection was made to confirmation of the award, together with motion to set it aside and grant a new trial. Fifteen days had elapsed from date of confirmation of the verdict. Six days is allowed for motion for a new trial. CL 1948, § 213.33 (Stat Ann 1958 Rev § 8.23). The court, further time not having been allowed within the 6-day period, was without jurisdiction to grant a new trial, except to prevent an obvious miscarriage of justice. *Breisacher* v. *Judge of Recorder's Court,* 223 Mich 254. It may be observed that while the proper time for a motion for new trial had passed at this point in the proceedings, there was still ample time to perfect an appeal to this Court for a review on the merits. This appellant failed to do.

The trial judge in denying the motion stated:

"Substituted counsel for defendant Anthony Flanz has brought what is admittedly a dilatory motion to set aside the jury's award and the court's confirmation."

Nevertheless, the judge considered the claim that the appraisal method used was unfair; that nothing was allowed for loss of business; that the claim that

Flanz did not know until just before the hearing that his property was to be taken, and concluded:

"The jury had every method of appraisal before them, together with details from both appraisers. It also appears that these petitioners received the largest award* and that the award was higher than the amount offered by the city prior to condemnation."

On April 11, 1960, the court denied the motion for a new trial. On April 25, 1960, appellant took a general appeal to this Court, assigning 7 objections to the award, none of which goes to the question of abuse of discretion by the trial judge in denying the motion for new trial. That is the sole question properly before this Court at this time. There was no abuse of discretion. *Fabro* v. *Soderstrom,* 252 Mich 455. If anything, the trial judge was overly lenient in affording petitioner—whose timely appeal to this Court should have been taken some 2 months earlier—a full reconsideration.

The decision of the trial court is affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, SOURIS, and OTIS M. SMITH, JJ., concurred with ADAMS, J.

BLACK and KAVANAGH, JJ., concurred in result.

---

* For any of the parcels involved in the proceeding.