BOYNE CITY HARDWARE CO. *v.* CHARLEVOIX CIRCUIT JUDGE.

APPEAL AND ERROR—BILL OF EXCEPTIONS—TIME TO SETTLE—EXTENSION OF TIME—DISCRETION OF COURT—STATUTES—RULES.

The allowance of a motion for an extension of time for the settlement of a bill of exceptions more than four months after the furnishing of a transcript by the official stenographer is improper, as the discretion of the circuit judge in extending the time must be exercised only within the limits prescribed by Act No. 314, Pub. Acts 1915, chap. 18, § 62 (3 Comp. Laws 1915, § 12634), and Circuit Court Rule No. 66, the statute contemplating an extension of time where the official stenographer through pressure of business is unable to furnish a transcript within the 20-day limit.

Mandamus by William S. Shaw and William Capelin, copartners as the Boyne City Hardware Company, to compel Frederick W. Mayne, circuit judge of Charlevoix county, to vacate an order extending the time for the settlement of a bill of exceptions. Submitted June 26, 1917. (Calendar No. 27,851.) Writ granted July 26, 1917.

*Harris & Ruegsegger,* for plaintiffs.

*M. E. Silverstein* (*Clink & Williams,* of counsel), for defendant.

BROOKE, J. In this case, upon issue joined, a judgment was entered in favor of the plaintiffs (relators here), on June 8, 1916. On the same day a stay of 20 days was granted the defendant in which to move for a new trial or settle a bill of exceptions, and on filing a stay bond a further extension of 60 days was granted. No further steps were taken by defendant in the case until November 15, 1916, when a stay bond was

filed. On February 1, 1917, defendant made a motion for an extension of time to settle a bill of exceptions. This motion came on to be heard on the 15th day of February, 1917, and an order was then made extending the time to settle a bill of exceptions 30 days from that date. Affidavits in support of the motion for an extension of time show that the transcript of the testimony was not furnished by the stenographer until the 20th day of September, 1916 (this was more than four months before the motion for an extension of time was made). They further show that the case was heard before a nonresident judge, and that—

"said bill of exceptions could not be settled before the circuit judge who tried the case without the apparent necessary expense of going to Lansing, Mich., excepting that Hon. Charles B. Collingwood would return to this judicial circuit, and that the settlement of the bill of exceptions could be taken up before him. Deponent further says that the said judge has not as yet returned to this judicial district. Deponent further says that Hon. Frederick W. Mayne of this judicial district has spent most of his time at Detroit and other places since the transcript in the above-entitled case came into the hands of this deponent, and consequently a motion to extend the time for settling a bill of exceptions could not be brought before him without the apparent necessary expense of going to Detroit or locating him elsewhere for the purpose of making the motion."

The record shows that after the entry of said judgment, sessions of said court were held in the county of Charlevoix on the 21st day of August, on the 25th day of August, on the 30th day of August, the 23d day of September, and the 10th day of November, and that a regular term of said court was appointed to be held, and was held, in said county of Charlevoix on the 4th day of December, 1916, and that the respondent circuit judge was present and presiding. It further appears that sessions of said court were held on the 2d

day of January, the 5th day of January, and the 6th day of January, 1917.

Section 62, chap. 18, of Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12634), provides:

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form: *Provided*, That no more than twenty days shall be allowed for such purpose, except upon the production of a certificate from the stenographer of said circuit stating that the party desiring such extension has ordered a transcript of the testimony necessary for the preparation of said bill of exceptions, and that the same will be furnished as soon as possible by said stenographer. If a motion for a new trial is made within said twenty days, and such motion be denied the time to settle a bill of exceptions may be extended twenty days from the date of such denial without the production of such certificate."

This court later promulgated Circuit Court Rule No. 66, relating to said section, which follows:

"Subject to the limitations prescribed by statute, and upon such terms and conditions as shall be deemed just, the court may grant such further reasonable time as shall be deemed proper for settlement of the bill of exceptions or case, and may extend such time when proper. But no more than sixty days' further time shall be granted for that purpose, except for good cause shown by affidavit on special motion after notice to the adverse party, or on the written stipulation of the parties."

It is quite clear that the discretion of the circuit judge may be exercised only within the limits fixed by the statute and the rule. The statute contemplates an extension of time for settlement of a bill of exceptions in cases where the official stenographer through pressure of business is unable to furnish a transcript of the evidence within the 20-day limit. In the case at bar, although the certificate of the stenographer is relied upon, that certificate shows that the transcript

had actually been furnished upwards of four months before the application for an extension of time was made. The purpose of the statutory provision under consideration is to hasten, so far as possible, the final determination of litigated questions. Parties desiring to review judgments must act seasonably and courts may exercise discretion only within the statutory limitations.

The mandamus will issue as prayed.

Kuhn, C. J., and Stone, Ostrander, Bird, Moore, Steere, and Fellows, JJ., concurred.