## YERKES *v.* ANTRIM CIRCUIT JUDGE.

1. MANDAMUS—PRACTICE—PLEADING—RETURN—CONCLUSIVENESS.
   Where no plea has been filed to the answer and return in mandamus proceedings, according to well settled practice and under section 4, chap. 36 of the judicature act (3 Comp. Laws 1915, § 13440), all material facts stated in said return must be taken to be admitted as true.

2. EXCEPTIONS, BILL OF—PRACTICE—JURISDICTION.
   An order of the Supreme Court extending the return day of

the writ of error, is no authority for the circuit judge to disregard the correct practice pursuant to section 62, chap. 18, of the judicature act (3 Comp. Laws 1915, § 12634), and Circuit Court Rule No. 66, in settling a bill of exceptions after expiration of the time limited in the statute.

3. SAME—TIME FOR SETTLING—DISCRETION—JURISDICTION—STATUTES—COURT RULES.

Where the practice as prescribed in section 62, chap. 18, of the judicature act, and Circuit Court Rule No. 66, has not been followed, the circuit judge is without jurisdiction to settle a bill of exceptions, after expiration of the time limited in the statute, since he may exercise discretion only within the statutory limitations.

4. JUDGMENT—NON OBSTANTE VEREDICTO—MOTIONS.

Where judgment had already been entered, a motion to enter judgment *non obstante veredicto* was unavailing. *Wulff* v. *Bossler*, 199 Mich. 70.

5. EXCEPTIONS, BILL OF—TIME FOR SETTLING—MOTION FOR NEW TRIAL—EXTENSION OF TIME.

A motion to enter judgment *non obstante veredicto*, if treated as a motion for a new trial, must conform to the practice prescribed in the statute (section 62, chap. 18) and Circuit Court Rule No. 48, in order to entitle plaintiff to extension of time to settle a bill of exceptions.

6. SAME — EXTENSION OF TIME — PRACTICE — STATUTES — COURT RULES.

Because a writ of error may issue any time within one year after the entry of judgment, it does not follow that a bill of exceptions can likewise be settled as a matter of right within that time, unless the statute and rules providing for extending the time for settling such bill shall have been complied with. 3 Comp. Laws 1915, § 12634; Circuit Court Rule No. 66.

Mandamus by Lewis N. Yerkes to compel Frederick W. Mayne, circuit judge of Antrim county, to sign and settle a bill of exceptions. Submitted January 29, 1918. (Calendar No. 28,143.) Writ denied March 27, 1918.

*Malcolm C. Yerkes,* for plaintiff.

*Clink & Williams* and *Ivin E. Kerr,* for defendant.

STONE, J.   Upon petition of plaintiff, on September 28, 1917, an order was made by this court directing the respondent circuit judge to settle and sign plaintiff's bill of exceptions in a case then pending before him in the circuit court for the county of Antrim, wherein Lewis N. Yerkes was plaintiff, and Inez Leszynski and Ira A. Adams, administrator of the estate of Edward G. Leszynski, deceased, were defendants; and further, that he set aside his order of July 29, 1917, and enter an order granting plaintiff's motion, *or* that he show cause why a peremptory mandamus should not issue to compel him to sign and settle the said bill of exceptions.

The respondent has made answer and return to said petition and order. No plea has been filed to said return. Not only is the practice well settled that where no issue is joined in such proceedings, the answer of respondent is conclusive as to the facts, but section 4 of chapter 36 of the judicature act (3 Comp. Laws 1915, § 13440) provides:

"That all material facts stated in said return that are not specifically denied by plea, shall be taken as admitted to be true."

The following chronological history of the various steps taken in said case is submitted by the respondent in his return:

"July 1, 1915, suit commenced.

"December 1-4, 1915, trial at Bellaire, resulting in a verdict of $3,000 against defendant Adams, and of no cause of action as to the defendant Inez Leszynski.

"December 4, 1915, motion for directed verdict made by defendant Adams on the grounds that the circuit court had no jurisdiction, but the probate court had original, exclusive jurisdiction; motion denied.

"December 4, 1915, request to charge that the circuit court had no jurisdiction, and the probate court had original, exclusive jurisdiction and to render verdict of no cause of action as to defendant Adams; submitted and refused.

"December 4, 1915, judgment entered.

"January 12, 1916, motion by defendant Adams to vacate judgment as to him filed.

"July 27, 1916, above motion granted.

"September 16, 1916, plaintiff filed motion to set aside verdict as to Inez Leszynski, and enter judgment, notwithstanding the verdict.

"October 9, 1916, hearing on above motion held in open court.

"December 5, 1916, plaintiff filed notice to settle proposed bill of exceptions at Detroit, December 16, 1916.

"December 8, 1916, plaintiff, without countermanding above notice, noticed settlement of a proposed bill of exceptions at Traverse City for December 18, 1916.

"December 13, 1916, plaintiff filed motion to extend time within which to settle bill of exceptions to December 23, 1916, and noticed hearing at Traverse City, December 18, 1916.

"December 19, 1916, hearing in open court on both of last above motions. Bill of exceptions withdrawn by plaintiff's attorney; motion to extend time within which to settle proposed bill of exceptions denied.

"January 3, 1917, plaintiff filed *ex parte* amendment to motion of September 16, 1916, adding thereto 'and a new trial granted.'

"February 28, 1917, plaintiff's motion to set aside verdict as to Inez Leszynski and enter judgment notwithstanding verdict, denied.

"February 28, 1917, order denying last above motion filed.

"March 3, 1917, notice to settle bill of exceptions at Traverse City on March 9, 1917, filed by plaintiff.

"March 9, 1917, hearing had in open court on above motion; taken under advisement by me.

"March 19, 1917, order entered by me refusing to sign and settle plaintiff's proposed bill of exceptions.

"April 9, 1917, petition for an order to show cause why mandamus should not issue to compel me to set aside my order of March 19th and settle bill of exceptions filed in Supreme Court by plaintiff.

"April 19, 1917, application for mandamus denied by Supreme Court.

"June 13, 1917, plaintiff noticed settlement of bill of exceptions at Detroit, June 20, 1917.

"June 23, 1917, settlement of bill of exceptions denied on hearing in open court.

"June 28, 1917, plaintiff filed motion to vacate above order; denied.

"July 3, 1917, plaintiff noticed settlement of bill of exceptions at Bellaire, Michigan, July 11, 1917.

"July 11, 1917, defendants' attorneys appeared; plaintiff did not appear; I was not present because I knew nothing about it.

"July 12, 1917, plaintiff noticed settlement of proposed bill of exceptions at Charlevoix, Michigan, July 20, 1917.

"July 20, 1917, hearing on said notice in open court with all parties represented.

"July 20, 1917, order entered by me denying above motion.

"July 20, 1917, plaintiff moved to set aside above order; denied."

The answer of respondent also contains the following:

"Answering paragraph 21, respondent shows that on July 20, 1917, settlement of a proposed bill of exceptions came on for hearing; that the attorneys for both defendants made and filed written objections thereto, copies of which are hereto attached and marked exhibits 16 and 17. Among the objections urged was the one that no extension of time in which to settle a bill of exceptions had ever been granted and none asked for, except the one in December, 1916, which was then denied, and that the time for settling a bill of exceptions had expired. This cause was tried in the Antrim county circuit court at Bellaire, Michigan, on December 1-4, 1915. On July 27, 1916, an order was made by me setting aside the verdict and judgment against defendant Adams. Since that time I have had four regular terms and three special terms of court at Bellaire, at all of which I was present and presided and attended to the business of the court, on to-wit, August 14 and 15, 1916; September 14, 1916; October 9, 10, 11, 12 and 13, 1916. February 26, 27 and 28, 1917; March 19, 1917; May 7, 1917, and July 16, 1917, and no application or motion for an extension of time in which to settle a bill of exceptions was filed in said

cause or made and presented to me, and no order was made extending the time in which to settle the same. That I thereupon, on July 20th, entered an order denying plaintiff's application and refusing to settle and sign plaintiff's bill of exceptions for the reason, among others, that, 'upon the record and under the rules and practice provided by the court rules and statutes, this court is without authority to settle the proposed bill of exceptions at this time. The decision of the motion in this case presents no opportunity for the exercise of judicial discretion.' * * *

"Answering paragraph 24, respondent shows that on the hearing of said motion, I was of the opinion that I had no discretionary right or power in this matter; that I was precluded by the statute and decisions and the rules and practice of this Honorable Court from settling said bill of exceptions, and for this reason said motion was denied. That the reasons given by the Honorable Supreme Court in previous decisions denying the right to settle a bill of exceptions, apply with special force to the instant case."

It further appears that on May 3, 1917, plaintiff filed in this court a motion to extend the time for settling his proposed bill of exceptions based upon certain affidavits filed in said cause. Counsel for defendants filed objections thereto, and on June 6, 1917, this court denied the petition and motion, but ordered that the return day of the writ of error theretofore issued in said cause, be extended to the 27th day of July, 1917.

Plaintiff, in his brief, in what he terms his assignments of error, urges that the orders of June 23, 1917, and July 20, 1917, should be vacated and set aside; and that the Antrim circuit judge disregarded the order of this court of June 6, 1917, extending the return day of the writ of error; and that the circuit judge erred in holding that he had no authority or jurisdiction to settle plaintiff's bill of exceptions.

In our opinion the attorney for plaintiff has misapprehended the correct practice in settling a bill of

exceptions, as the same has recently been stated in the case of *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge,* 197 Mich. 374.   It is one thing under the practice to obtain an order extending the time for a return of a writ of error, and quite another thing to make application upon proper showing to the circuit judge for an extension of time in which to settle a bill of exceptions.   We need only refer to section 62 of chapter 18 of the judicature act (3 Comp. Laws 1915, § 12634) and Circuit Court Rule No. 66, to show what the correct practice now is.

In the case above cited Justice Brooke, in a unanimous opinion, said:

"It is quite clear that the discretion of the circuit judge may be exercised only within the limits fixed by the statute and the rule.   *   *   *   The purpose of the statutory provision under consideration is to hasten, so far as possible, the final determination of the litigated question.   Parties desiring to review judgment must act seasonably, and the court may exercise discretion only within the statutory limitations."

See, also, *Lake Shore, etc., R. ( o.* v. *Branch Circuit Judge,* 116 Mich. 399.

As already appears, the judgment in said case was entered on December 4, 1915, in favor of the plaintiff, and against the defendant Adams, as administrator; and of no cause of action as to the defendant Inez Leszynski, which judgment as to defendant Adams, only, was set aside by the order of July 27, 1916.   No stay of proceedings was asked by or granted the plaintiff in which to move for a new trial or settle a bill of exceptions.   No further steps were taken by plaintiff until some 50 days after the order of July 27, 1916, setting aside the judgment as to defendant Adams, then a motion was made by plaintiff, addressed to the attorneys for the defendant Inez Leszynski, to set aside the verdict of no cause of action as to defendant

Inez Leszynski, and enter judgment for the plaintiff notwithstanding the verdict. The motion was, by *ex parte* amendment, sought to be changed into a motion for a new trial, some five months after the order of July 27, 1916. The record shows, also, that after the final order of July 27, 1916, and between that time and the time the plaintiff made the motion of September 16, 1916, a regular term of court was held in the county of Antrim on August 14 and 15, 1916, and that there was a session of said court on September 14, 1916, at which the respondent circuit judge was present and presiding. It also appears that between September 16, 1916, and the day of filing the amendment to said motion, a regular term of court was held in Antrim county on October 9, 10, 11, 12 and 13, 1916, at which the respondent was present and presiding.

It may not be important to here determine whether the motion made by plaintiff's attorney was a motion simply to enter judgment notwithstanding the verdict, or for a new trial. It appearing that judgment had already been entered upon the verdict, under the authority of *Wulff* v. *Bossler*, 199 Mich. 70, the motion to enter judgment for the plaintiff notwithstanding the verdict, was unavailing. Treating the motion as one for a new trial, the practice was irregular under the statute cited and Circuit Court Rule No. 48. No steps were taken by the plaintiff towards settling a bill of exceptions until December 5, 1916, when he noticed a settlement of a proposed bill of exceptions at Detroit, on December 16, 1916. On December 8, 1916, without countermanding that notice, he again noticed a settlement of the proposed bill of exceptions at Traverse City on December 18, 1916. On December 13, 1916, he filed a notice for hearing a motion to extend the time within which to settle a bill of exceptions to December 23, 1916, and noticed

the same for hearing at Traverse City on December 18, 1916. It appears, by respondent's answer, that on December 19, 1916, said hearing was had; the proposed bill of exceptions was withdrawn from the consideration of the court by the plaintiff; the motion to extend the time within which to settle the bill of exceptions was then denied. On February 28, 1917, an order was made denying plaintiff's motion to set aside the verdict as to defendant Inez Leszynski and enter judgment notwithstanding the verdict. On March 3, 1917, plaintiff noticed another proposed bill of exceptions for settlement at Traverse City on March 9, 1917, at which time a hearing was had; the parties were represented, and objections interposed by counsel for defendants upon the grounds, among others, that no extension of time had been granted within which to settle a bill of exceptions; that no motion for a new trial had been made within the time allowed by rule or statute, or leave of court; and that the court was without jurisdiction to settle a bill of exceptions at that time; also that a complete transcript of the testimony had not been furnished as provided by law. An order was entered on March 19, 1917, denying the right of plaintiff to settle a bill of exceptions. Application was then made to this court for an order to show cause why the order of March 19th should not be set aside, and the bill of exceptions settled, which was denied by this court on April 19, 1917. Later, the plaintiff moved this court for an order extending the time within which to settle the bill of exceptions, which was denied June 6, 1917.

It is probably unnecessary to repeat all these various steps, but it should be noted that during all this time, and down to July 20, 1917, no order had been made or entered extending the time within which to settle a bill of exceptions; and that the only application for such order was made December 13, 1916, to

extend the time to December 23, 1916, and was denied by the circuit judge, and no stipulation or waiver of their rights has been made, entered into, or signed by the attorneys for the defendants.

It seems to us very clear that, inasmuch as it was one year, lacking seven days, between what is termed the final order of July 27, 1916, and July 20, 1917, the date on which the proposed bill of exceptions in question was noticed for settlement, and that during that period no extension of time was granted within which to settle a bill of exceptions, and no cause was shown by affidavit, or any special motion made by plaintiff for, or written stipulation of the parties made or filed, extending such time, and the time allowed by statute and rules of court within which plaintiff could settle a bill of exceptions having been allowed to expire by him, without taking any steps to extend the same, the respondent was without jurisdiction on July 20, 1917, to settle the proposed bill of exceptions.

Were it to be held that the time to settle a bill of exceptions commenced to run from February 28, 1917, the date of the denial of plaintiff's motion, it was 142 days from that date to July 20, 1917, during which time no special motion was made to, or order granted by, respondent, or stipulation signed by the parties, extending the time in which to settle a bill of exceptions; the time allowed plaintiff by the rules and statute had expired, and respondent was without authority to settle the bill of exceptions. Unless we are to abrogate the statute and rules, and reverse our previous holdings, the plaintiff has no standing in his present application, and the writ of mandamus should be denied.

We have examined with care the authorities cited by counsel for the plaintiff, and are of the opinion that they are not applicable to the question here involved. They relate mainly to writs of error and

chancery appeals under former statutes and rules. Because a writ of error may issue any time within one year after the entry of judgment, it does not follow that a bill of exceptions can likewise be settled as a matter of right within that time, unless the statute and rules providing for extending the time for settling such bill have been complied with. '

The writ of mandamus will be denied, with costs against the plaintiff.

BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred. OSTRANDER, C. J., and KUHN, J., did not sit.