GAMBLE v. OCEANA CIRCUIT JUDGE.

EXCEPTIONS, BILL OF—NEW TRIAL—EXTENSION OF TIME—JURISDICTION—DISCRETION.

Where the trial court lacked jurisdiction, under section 12634, 3 Comp. Laws 1915, to further extend time in which to settle a bill of exceptions or move for new trial, his denial of same on the exercise of his best judgment and judicial discretion will not be interfered with by this court.

Mandamus by Joseph E. Gamble to compel John Vanderwerp, circuit judge of Oceana county, to extend the time to settle a bill of exceptions. Submitted October 8, 1918. (Calendar No. 28,380.) Writ denied December 27, 1918.

*F. E. Wetmore,* for plaintiff.

*Alex. Sutherland* (*C. N. Sessions,* of counsel), for defendant.

STEERE, J.   Plaintiff seeks by mandamus to compel the circuit judge of Oceana county to further extend the time in which to settle a bill of exceptions or move for a new trial in a civil case entitled *Francis W. Fincher, Executor,* v. *Joseph E. Gamble,* wherein judgment was rendered against defendant, October 17, 1917, upon a promissory note given by him to Charles Jensen, deceased, for the amount of said note and interest. Charles Jensen died testate leaving all his property, both real and personal, to his wife, Anna Jensen, who thereafter died testate bequeathing her estate to Lewis Jensen, Annie Gamble (defendant's wife), and Maggie Gulumbo. Fincher brought this action.

Certain phases of the litigation were before this court in *Jensen* v. *Gamble,* 191 Mich. 233, and *Jensen* v. *Oceana Circuit Judge,* 194 Mich. 405. In the first-mentioned case Lewis Jensen had sued defendant to recover his undivided one-third of this note and defendant interposed the objection that a cause of action based on the note could not be thus split, which the trial court overruled and on appeal by defendant from a judgment against him for plaintiff's third of the amount of the note this court held that the note for one stated sum of money presented a single cause of action which could not be split, since there can be but one action on a single demand; but further stated in the opinion, against plaintiff's contention, there was no other way in which the rights of plaintiff and defendant could be determined when owners of the remaining interests in the note refused to join as plaintiffs, that the executor or administrator *de bonis non* of the testator's estate could bring an action on

the note and reversed the case without a new trial, whereupon this action followed.

At conclusion of the trial defendant obtained an order granting him 20 days in which to move for a new trial or settle a bill of exceptions, with a stay of proceedings and a further extension of 60 days on condition that a bond in the sum of $10,000 be filed within the 20 days. Defendant's counsel thereupon in the presence of the court and opposing counsel ordered a transcript of the testimony from the court stenographer, who then stated he would furnish the same as soon as possible thereafter, which appears to have been accepted as a substitute for the certificate of the stenographer required by section 62, chapter 18, of the judicature act (3 Comp. Laws 1915, § 12634). The bond provided for in said order was not filed.

The judgment was entered and this order extending time was made on October 17, 1917. No further application was made to the court until February 9, 1918, when defendant filed a motion for a new trial and served the same on opposing counsel two days later. On February 13, 1918, plaintiff filed a motion to strike defendant's motion for a new trial from the files on various grounds, amongst which were that no bond had been filed as required by order of the court, no order or application for an extension of time had been made beyond the original 80 days granted, which expired January 5, 1918, although the court stenographer had furnished defendant's counsel a transcript of the testimony on December 10, 1917.

Upon submission of this motion to the court on February 13th by consent of counsel they were given 10 days from February 14, 1918, to file briefs, and on March 18, 1918, the court made an order granting plaintiff's motion to strike defendant's motion from the files.

On March 21st defendant filed a motion asking that

the time in which to file a motion for a new trial or settle a bill of exceptions, etc., be extended. This motion was noticed for hearing on the 8th day of April following, which was the first day of the next ensuing term of court in that county. The motion was supported by affidavit stating as reason therefor that upon the 15th of December, 1917, shortly after receiving a transcript of the testimony from the stenographer and before completing the preparation of a bill of exceptions, counsel began assisting military registrants in filling out their questionnaires and devoting his time almost exclusively to that patriotic service until the 4th of February following. Counter affidavits were filed by plaintiff showing that the court was in session on the 2d day of January, 1918, at which time defendant's counsel attended and obtained a decree of divorce for a client, and again on the 22d, 23d and 24th days of January, 1918, during which time defendant's counsel attended court and obtained a decree of divorce for another client and participated in a contested equity case involving the construction of a will.

Respondent's return, amongst other things, points out that no bond was ever filed by defendant in compliance with the order extending time and "a certificate of the stenographer was never made and filed as required by the judicature act"; avers in relation to defendant's claim his time was devoted to assisting registrants in preparing their questionnaires, "that the attorney for relator took such time during that period as he thought was necessary to attend to his pressing private and professional affairs"; stated "the 2d day of January, 1918, was the first day of the January term of said court and that attorney for the relator appeared before the court and took such time as he thought was necessary to present his proofs to obtain and did obtain a decree of divorce in the case

of Becker *v*. Becker"; court was also in session "during the 22d and 23d days of January, 1918, and that attorney for relator appeared before said court and presented proofs in the divorce case of Mackin *v*. Mackin and obtained a decree. Further, that the attorney for relator was in court and took part in an equity proceeding to construe a will; that most of the time of the court on January 23, 1918, was taken up in presenting the proofs and arguments of counsel in these two cases"; says that "when plaintiff moved to strike the motion for a new trial from the files because of delay relator did not at that time ask for an extension of time, but waited until after respondent granted plaintiff's motion to strike relator's motion for a new trial from the files, and on or about March 21, 1918, the relator filed this motion for an extension of time, 75 days after the expiration of relator's 80 days, which he had to prepare his motion for a new trial or prepare his bill of exceptions." In conclusion respondent returns "that he exercised his best judgment and discretion in refusing to grant relator further time to prepare a motion for a new trial or settle a bill of exceptions and that in view of all the circumstances of the case, he did not consider that in justice to all parties, such extension should be granted."

The return makes plain that the trial judge's refusal to grant this motion was not based upon the assumption of loss of jurisdiction under the limitations prescribed by section 12634, 3 Comp. Laws 1915, but on the exercise of his best judgment and judicial discretion "in view of all the circumstances of the case."

If within the discretion of the court we cannot find from this record such palpable abuse of discretion affirmatively shown as to call for interference by this court, but we are impressed that the court might well

have refused the motion for lack of jurisdiction under the recent cases of *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge,* 197 Mich. 374, reviewed in *Brevoort* v. *Wayne Circuit Judge,* 203 Mich. 388 (decided October 29, 1918).

Assuming, without deciding, as defendant contends in the instant case, that the stenographer's statement in open court was equivalent to a certificate under the statute, the testimony had actually been furnished and that ground for delay eliminated between 3 and 4 weeks prior to the expiration of the 80 days' limit previously granted and between 3 and 4 months before this application for extension of time was made.

In *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge, supra,* a belated certificate of the stenographer was filed and relied on, which the court disposed of as follows:

"In the case at bar, although the certificate of the stenographer is relied upon, that certificate shows the transcript had actually been furnished upwards of four months before the application for an extension of time was made."

In the *Brevoort Case* the court said, referring to this situation—

—"but one of the affidavits in support of the motion showed that the completed transcript had been delivered by the stenographer to the attorney four months before the date of the motion. Under those circumstances the court was clearly without authority to grant the extension."

Those cases go so fully into this question that it is unnecessary to further discuss it here.

For reasons above stated the writ of mandamus applied for herein is denied, with costs to respondent.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.