SHANE *v.* HIMELSTEIN.

1. EXCEPTIONS, BILL OF—STENOGRAPHER'S CERTIFICATE, NEGLECT TO FILE.

Since the statute makes it the duty of a party or his counsel to file the certificate of the stenographer within 20 days in order to secure an extension of time for settling bill of exceptions, if this duty is intrusted to another, the party must assume the consequences of his neglect.

2. SAME—CLERK NOT AUTHORIZED TO GRANT EXTENSION WITHOUT ORDER OF COURT.

The clerk of the court is not authorized to enter order extending time for settling bill of exceptions without direction from the court.

3. APPEAL AND ERROR—JURISDICTION NOT CONFERRED BY WAIVER OR CONSENT.

Parties cannot confer jurisdiction on appellate court either by waiver or consent.

227—Mich.—30.

4. SAME—WHERE BILL OF EXCEPTIONS STRICKEN NOTHING FOR AP-
    PELLATE COURT TO CONSIDER.

> Where there has been no assignment of error on the
> record which will be of any avail to the appellant without
> the · aid of the bill of exceptions, which must be stricken
> from the files, there is nothing for the Supreme Court to
> consider.

Error to Wayne; Hunt (Ormond F.), J.    Sub-
mitted May 2, 1924.    (Docket No. 73.)    Decided
June 2, 1924.

Case by Sidney S. Shane and Samuel L. Harris,
copartners as Shane & Harris, against Max Himel-
stein and others, copartners as the Detroit Hosiery
Company, for an alleged eviction from leased premises.
Judgment for defendants on a directed verdict.    Plain-
tiffs bring error.    Dismissed.

*Benjamin, Betzoldt & Bassett,* for appellants.

*Seymour J. Frank,* for appellees.

BIRD, J.    Plaintiffs leased the second floor of 137
East Jefferson avenue, in the city of Detroit, for a
period of 5 years, in which to carry on a wholesale
boot and shoe business.    It is their claim that they
were wrongfully evicted before their lease expired,
and this suit was brought to recover damages for de-
fendants' breach of covenant for quiet and peaceable
possession.    At the close of the proofs the trial court
directed a verdict for defendants.

Plaintiffs not being content with this outcome se-
cured an order for 20 days in which to move for a
new trial, and also 20 days in which to prepare and
file a bill of exceptions.    No further order was
entered in the case for 78 days.    Plaintiffs then filed
a motion for an extension of time in which to settle
a bill of exceptions.    This motion was not contested,

and an order for the extension was made.   Defendants subsequently filed a motion to strike the bill of exceptions from the files of this court and dismiss the writ of error, because of a lack of jurisdiction. This motion was heard when the case was argued on its merits.

For the purpose of setting at rest questions of practice arising in regard to the extension of time for settling bills of exception and cases made, this court, in an opinion by Mr. Justice McDonald, construed the statute and laid down some very terse rules which should govern the practice.   *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

"3. If he desires more time he may secure a further extension not exceeding sixty days on *ex parte* application by producing the stenographer's certificate, *but the order for this extension must be secured during either of the above twenty-day periods.*

"4. If he does not obtain this extension during one or the other of the periods above specified, the court loses jurisdiction and has no authority thereafter to grant an extension or to settle a bill of exceptions."

Plaintiffs' counsel seeks to excuse his failure to secure and file the certificate of the stenographer within the 20-day period by showing that he ordered the transcript and the stenographer promised he would file it, and a further showing that he afterwards requested the clerk to enter an order extending the time.   As to the first excuse it may be said that the statute makes it the duty of the party, or his counsel, to file the certificate of the stenographer within the 20 days.   If this duty is intrusted to another the party must assume the consequences of his neglect.   As to the second excuse it is sufficient to say that the clerk of the court is not authorized to enter the order of extension without direction from the court.

A further showing is made that counsel for the appellees waived the default and is estopped from rais-

ing the question.    This will not avail as the parties cannot confer jurisdiction on the court either by waiver or consent.    *Walsh* v. *Kent Circuit Judge,* 225 Mich. 51.

If the bill of exceptions be stricken from the files of this court, as it must be, the record remains. *Haney* v. *Grand Rapids Trust Co.,* 221 Mich. 160. There has been no assignment of error on the record in this case which will be of any avail to the appellants without the aid of the bill of exceptions, therefore there is nothing for us to consider in that regard.    It is indeed unfortunate that the right of review on the merits should be lost in this way.    It appears that counsel relied upon others to file the certificate and enter the requisite order, undoubtedly in accordance with local practice, but they have failed to do so. Under such circumstances, there is nothing left for this court to do but to enforce its rules.

The motion will prevail, the bill of exceptions will be stricken from the files and the writ of error will be dismissed, but without costs.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.