LINDER *v.* INCHES.

1. EXCEPTIONS, BILL OF—EXTENSION OF TIME FOR SETTLING BILL OF EXCEPTIONS — STIPULATION OF COUNSEL AFTER EXPIRATION OF STATUTORY PERIOD.

Where no order extending the time for settling a bill of exceptions was obtained within the period of 20 days after entry of judgment, as required by 3 Comp. Laws

1915, §§ 12633, 12634, and Circuit Court Rule No. 66, the court lost jurisdiction to thereafter settle and sign said bill, and a stipulation by counsel three months later for an extension of time had no effect to restore said jurisdiction.

2. APPEAL AND ERROR — WRIT OF ERROR DISMISSED WHERE NOT SUPPORTED BY BILL OF EXCEPTIONS.

Where the bill of exceptions must be dismissed, and there are no assignments of error of any avail to appellants without the aid of said bill of exceptions, the writ of error will be dismissed.

Error to Wayne; Perkins (Willis B.), J., presiding. Submitted June 3, 1924. (Docket No. 7.) Decided July 24, 1924.

Case by Nathan Linder against James W. Inches, commissioner of metropolitan police department of the city of Detroit, and others for the conversion of certain personal property. Judgment for plaintiff. Defendants bring error. Dismissed.

*James R. Walsh* (*George A. Kelly*, of counsel), for appellants.

*Harvey B. M. Wilds*, for appellee.

CLARK, C. J.    There was no motion for a new trial. No order extending time for settling a bill of exceptions was granted or obtained within the period of 20 days after judgment.    3 Comp. Laws 1915, §§ 12633, 12634; Circuit Court Rule No. 66.    Three months later, counsel stipulated for an extension of time, and the bill was signed within the time stipulated. Later, the appellee moved here to dismiss on the ground that by the failure to obtain an order extending time within the 20-day period the court lost jurisdiction to settle and sign a bill of exceptions.    The motion was held to be considered with the main case.

Appellants rely on *Brevoort* v. *Wayne Circuit Judge*, 203 Mich. 388, as authorizing the extending of time by stipulation attempted here. But in that regard the *Brevoort Case* has been overruled. The effect of a failure to obtain an order extending time within the 20-day period and the circumstances under which counsel may stipulate for an extension of time are fully discussed in *Walker* v. *Wayne Circuit Judge*, 226 Mich. 393; *Miley* v. *Grand Traverse Circuit Judge*, 217 Mich. 415; *Walsh* v. *Kent Circuit Judge*, 225 Mich. 51, and *Shane* v. *Himelstein*, 227 Mich. 465, and need not be repeated here. As a result of popular criticism, the legislature by the statutes above cited sought to expedite the business of the courts and to minimize the law's delay. The decisions cited seek to give full effect to the legislative intent. The bill of exceptions is dismissed.

There are no assignments of error of any avail to appellants without the aid of a bill of exceptions. Hence, the writ of error is dismissed. Supreme Court Rule No. 11; *Haney* v. *Grand Rapids Trust Co.*, 221 Mich. 160; *Shane* v. *Himelstein, supra.* No costs are allowed.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.