DUBART *v.* KENT CIRCUIT JUDGE.

APPEAL AND ERROR—EXTENSION OF TIME TO PERFECT APPEAL—FAILURE TO PRODUCE STENOGRAPHER'S CERTIFICATE FATAL—STATUTE MANDATORY.

Where no certificate of the court stenographer showing that a transcript of the testimony had been ordered was produced by appellant at the time an order extending the time to perfect an appeal was filed and entered, as required by 3 Comp. Laws 1915, § 12634, said order was void, notwithstanding the transcript had been ordered and he could have produced said certificate had it been demanded, since the statute is mandatory, and failure to comply therewith divests the court of its right to grant an extension of time.[1]

Mandamus by Anthony Dubart to compel William B. Brown, circuit judge of Kent county, to vacate an

[1]Appeal and Error, 4 C. J. § 1989.

order dismissing an appeal.    Submitted August 24, 1926.    (Calendar No. 32,735.)    Writ denied October 22, 1926.

*Michael Garvey,* for plaintiff.

SNOW, J.    The plaintiff is plaintiff in an action in chancery against John Brand.    From a decree dismissing his bill of complaint, he attempted to take an appeal to this court.    The decree was made May 5th, and filed the following day.    May 11th, a claim of appeal was filed and the fee of $5 paid.    On May 17th, an order extending the time to settle the case on appeal for 60 days from and after May 25th, was filed and entered, but no certificate of the stenographer showing that the transcript of the testimony had been ordered, as is required by section 12634, 3 Comp. Laws 1915, was produced.    June 2d, a motion to dismiss the appeal, based on the failure of plaintiff to produce such certificate, was made by the defendant, and on the 8th of June plaintiff's attorney filed an affidavit, showing that the transcript had been received from the stenographer on May 18th, and paid for on the same day.    The motion to dismiss was granted, and on July 3d, an order was entered denying plaintiff's request to settle the case, and mandamus is now sought to require the circuit judge to sign and settle the proposed case on appeal as it was presented for settlement.

The return sets forth:

"Answering further said paragraph that immediately thereafter relator ordered a transcript of the testimony, this defendant has no knowledge of such ordering of the transcript of the testimony, except the allegations of relator in said petition and oral claim made before him at the time of the hearing on the motion for the defendant Brand to dismiss said appeal; that no certificate of the stenographer was presented to him to show that the transcript had been ordered when

the order extending the time for settling the case on appeal was made, nor was the transcript of the testimony produced at such signing nor any statement made that such transcript had been secured; that said order extending the time was signed in the usual way when presented by the attorney and in the usual reliance upon the attorney having taken all the steps required in order to be entitled to such extension."

Plaintiff, while admitting his failure to produce the stenographer's certificate as provided by law, claims he has not thereby forfeited his right of appeal. He says he could have furnished it, and would have done so had any demand been made upon him; that he had ordered the transcript which was not questioned when he obtained his extension of time in the first instance; and that he actually received the transcript the next day after the order extending time was made. The fact that one desiring an extension of time to perfect an appeal *could* have produced the required certificate does not excuse his failure to do so. The statute is mandatory, and failure to comply with it divests the court of its right to grant an extension of time. The order extending the time was therefore void. Any other view of the statute would abrogate it, and render the question of the ordering of a transcript and the ability of the stenographer to furnish it, always an open and debatable one. Such question of fact may without hardship be easily foreclosed by one desiring to take an appeal, by a compliance with the statute and the production of the certificate. Such was the purpose and intent of the law.

Plaintiff's prayer for mandamus is therefore denied, and the order of the trial court refusing the request for settlement of the case on appeal is sustained, with costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.