JEDELE v. WASHTENAW CIRCUIT JUDGE.

APPEAL AND ERROR—BILL OF EXCEPTIONS—EXTENSION OF TIME TO PERFECT APPEAL—STENOGRAPHER'S CERTIFICATE—JURISDICTION.
    Where the certificate of the stenographer, filed with the court at the time a motion was made for an extension of time in which to perfect an appeal beyond the 20 days allowed by law, failed to state that a copy of the testimony would be furnished by the stenographer as soon as possible,

Appeal and Error, 4 C. J. §§ 1901 (Anno), 1989.

as required by 3 Comp. Laws 1915, § 12634, the court was
without jurisdiction to grant the extension.

Mandamus by Louise O. Jedele to compel George W.
Sample, circuit judge of Washtenaw county, to vacate
an order denying an extension of time to perfect an
appeal.   Submitted January 11, 1927.   (Calendar
No. 32,896.)   Writ denied February 4, 1927.

*Henry B. Graves,* for plaintiff.

*Edward F. Conlin,* for defendant.

STEERE, J.   In this proceeding it appears from
plaintiff's petition for a writ of mandamus and defend-
ant's return thereto that on May 5, 1926, defendant
dismissed her bill of complaint for a divorce from her
husband, George W. Jedele, as well as the latter's cross-
bill.   On the same day her attorney filed a proper
claim of appeal, paid the appeal fee provided by statute,
obtained from the court stenographer and filed a cer-
tificate stating that the testimony had been ordered,
and secured an order of the court granting 80 days "in
which to prepare, file and settle the testimony on ap-
peal."   The order extending time recited that "a cer-
tificate in writing signed by the court stenographer"
had been filed with the clerk of the court.   A copy
of the order was then served upon opposing counsel
who was present when the order was made.   Before
expiration of the time granted, plaintiff's attorney
made a motion for 90 days' further extension of time,
supported by his affidavit stating the transcript of
testimony he ordered had not yet been furnished him
by the court stenographer who informed him it prob-
ably could not be furnished before September 1, 1926,
and noticed the same on opposing counsel for hearing
on July 17, 1926.   On July 17, 1926, opposing counsel
did not appear and the court made an order extend-
ing the time "for a period of 90 days from and after

the expiration of the time heretofore granted for such purpose." On October 20, 1926, plaintiff's counsel again moved for 70 days' further extension of time supported by his own affidavit and another by the court stenographer showing no transcript had yet been furnished. The stenographer's affidavit contained a statement that when plaintiff's oral order for a transcript of testimony was given her on May 5, 1926, she promised plaintiff's counsel that she would furnish him the same as soon as she was able to do so, taking into consideration work in that line which had already been ordered, stating in the concluding portion of her affidavit:

"Deponent further says that she has been unable as yet to furnish said testimony because of the unfinished part of her work as such stenographer, and because of her own illness and says that she will require not less than 50 days from this date in order to transcribe the balance of the testimony in said cause."

This motion was noticed on opposing counsel for hearing on October 25, 1926, at which time opposing counsel appeared and objected to further extension of time, principally upon the ground that the only certificate filed by the circuit court stenographer within the first 20 days following the decree in said cause did not comply with the jurisdictional requirements of the statute, in the particular that it contained no promise or certification that the testimony would be furnished as soon as possible. After hearing arguments of counsel, the court, on October 25, 1926, entered an order denying said motion, being of the opinion that jurisdiction to extend the time was lost; citing *People* v. *Manistee Circuit Judge*, 194 Mich. 527; *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge*, 197 Mich. 374; *Brevoort* v. *Wayne Circuit Judge*, 203 Mich. 388. The court also stated in the order of denial that plaintiff's counsel requested an order amending the stenog-

rapher's certificate *nunc pro tunc* as of May 5, 1926, which the court was of opinion could not be done.

Upon that proposition, it is sufficient to say that an order by a court which at the time of the order has no jurisdiction of the matter is entirely void, and jurisdiction lost by lapse of time cannot then be restored by a void order *nunc pro tunc.*

In his return to an order to show cause, defendant in this case states:

"Further answering said paragraph five, this respondent says that he has no knowledge of any conversation had between relator's attorney A——B——, and said circuit court stenographer at the time of the signing of said certificate."

He therefore manifestly acted entirely under the certificate involved here, which was prepared by plaintiff's counsel and is as follows:

"I hereby certify that I have received from A——B——, attorney for the plaintiff in said cause, an order for a copy of the testimony taken in said cause in said court.
"Dated May 5, 1926."   (Signed officially.)

The provision of the statute upon that subject (3 Comp. Laws 1915, § 12634) reads as follows:

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form: *Provided,* That no more than twenty days shall be allowed for such purpose, except upon the production of a certificate from the stenographer of said circuit stating that the party desiring such extension has ordered a transcript of the testimony necessary for the preparation of said bill of exceptions, and that the same will be furnished as soon as possible by said stenographer. If a motion for a new trial is made within said twenty days, and such motion be denied the time to settle a bill of exceptions may be extended twenty days from the date of such denial without the production of such certificate."

Prior to the adoption of the judicature act this entire section read as follows (Act No. 204, Pub. Acts 1909) :

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form."

The proviso in the judicature act in controversy was manifestly intended to shorten the time in which appeal for review could be taken to 20 days except in special cases where necessity for a transcript of the testimony made it manifest that more time would be required to secure the same.    To that end the proviso made an exception to the 20 days based on the mandatory conditions that a certificate of the court stenographer should be furnished showing that a transcript had been ordered, and officially certifying that the same would be furnished "as soon as possible."    Upon such a showing the court was authorized to make such reasonable extension of time as in its judgment would be adequate, with jurisdiction thereafter on proper showing to grant further extension of time, not to exceed the statutory limit.    This proviso clearly puts it up to the court to determine from the condition of the court's business and showing made what reasonable extension of time should be granted for furnishing the transcript *as soon as possible.*    This provision deals with time, and a certificate by the stenographer merely stating that the transcript had been ordered would have little significance in that connection.    In *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge, supra,* it was said:

"The purpose of the statutory provision under consideration is to hasten, so far as possible, the final determination of litigated questions."

We have been called upon to deal with this question many times, and have distinctly held that a certificate of the stenographer such as the statute requires is essential to give the court jurisdiction to

extend the time beyond 20 days, and the order of extension must be made within the 20 days. Shortly after the addition of that proviso this court said in *People* v. *Manistee Circuit Judge, supra:*

"The facts required to be certified to by the stenographer are two only:

"*First,* that a transcript has been ordered; and, *second,* that the same will be furnished as soon as possible."

Following this the subject was reviewed and the jurisdictional requirements pointed out in *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge, supra.* The matter was again thoroughly discussed to like effect in *Brevoort* v. *Wayne Circuit Judge, supra,* where it was said, amongst other things:

"As to the second stage, by the express provision of statute above quoted, the extension beyond the 20 days cannot be granted, unless the applicant produces a certificate from the court stenographer to the effect that a transcript of the testimony has been ordered and will be furnished as soon as possible."

A few of the other cases of like import are *Gamble* v. *Oceana Circuit Judge,* 204 Mich. 410; *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415; *Walsh* v. *Kent Circuit Judge,* 225 Mich. 51; *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393; *Shane* v. *Himelstein,* 227 Mich. 465; *Marr* v. *Detroit United Railway,* 228 Mich. 46; *Linder* v. *Inches,* 228 Mich. 88; *Patrons' Mut. Fire Ins. Co.* v. *Wexford Circuit Judge,* 28 Mich. 177; *Michigan Guaranty Corporation* v. *Saginaw Circuit Judge,* 234 Mich. 581; and *Dubart* v. *Kent Circuit Judge,* 236 Mich. 437.    In *Walker* v. *Wayne Circuit Judge, supra,* where settlements of bills of exceptions in actions at law and settlements of cases on appeal in suits in chancery are treated, it is made plain, we think, that the provisions of the statute in question apply to both alike.    It was a case where plaintiff sought by mandamus to compel the circuit judge to set aside an order

denying a motion to extend time for settlement of a case on appeal in a chancery suit.

The ruling of the defendant circuit judge in this mandamus proceeding is well supported by previous decisions of this court, and the writ will be denied, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.