*In re* BURKE'S ESTATE.

APPEAL OF BRADY.

1. EXCEPTIONS, BILL OF—TIME OF SETTLING BILL LIMITED TO 20 DAYS WHERE NO ORAL TESTIMONY TAKEN.

Under the statute (3 Comp. Laws 1915, § 12634), where no oral testimony is taken and no stenographer is used, the time for settling a bill of exceptions is limited to the 20 days immediately following the entry of a judgment or order.

2. APPEAL AND ERROR—BILL OF EXCEPTIONS STRICKEN WHERE NOT FILED WITHIN STATUTORY PERIOD.

Where the bill of exceptions, in a case where no oral testimony was taken, was not settled within the 20-day

[1]Appeal and Error, 4 C. J. §§ 1880, 1882; [2]Id., 4 C. J. §§ 1882, 1890, 1950.

period, it must be stricken out; the trial court, under the circumstances, having no power to grant an extension of time.

3. SAME—CASE REVIEWED ON RECORD ALONE.

Where the bill of exceptions is stricken out, the case is treated as under Supreme Court Rule No. 11, and only such questions as can be determined from the bare record are considered.

4. WILLS—DELAYED APPEAL WITHIN DISCRETION OF COURT.

Under 3 Comp. Laws 1915, § 14156 *et seq.*, providing for delayed appeals from probate court, if a party desiring to appeal shall be "without default on his part," and "if it shall appear that justice requires a revision of the case," an appeal may be allowed, in the discretion of the court.

5. SAME—WHETHER ESTATE DISTRIBUTED QUESTION OF LAW.

Whether an estate had been distributed, within the meaning of 3 Comp. Laws 1915, § 14158, relating to delayed appeals, where an order of distribution had been made, but there had been no actual distribution to those entitled to it, is a question of law.

6. SAME—ORDER ALLOWING DELAYED APPEAL STANDS WHERE ORDER SETTING IT ASIDE REVERSED.

Where the court allowed a delayed appeal from probate court under 3 Comp. Laws 1915, § 14156, but subsequently set aside said order for the reason that the appeal could not be allowed because the estate had been distributed within the meaning of section 14158, and, on review, the Supreme Court determines that there was no distribution in law, reversing the court below on said question, the order allowing appeal stands with the same force and effect as if it had not been vacated.

7. SAME—DISTRIBUTION OF ESTATE—NO DISTRIBUTION WHILE APPEAL FROM ORDER OF DISTRIBUTION PENDING.

Where, at the time an application for a delayed appeal from an order of the probate court admitting a will to probate was made, an order of distribution had been made, from which an appeal was pending, and the residue, which was the bulk of the estate, was yet in the hands of the executor, there had been no distribution within the mean-

---

[3]Appeal and Error, 4 C. J. §§ 1811, 1880; [4]Appeal and Error, 4 C. J. § 1078; Courts, 15 C. J. § 443; [5]Appeal and Error, 3 C. J. § 1078; [6]Id., 3 C. J. § 1078; [7]Id., 3 C. J. § 1078.

ing of section 14158, although the debts and legacies had been paid.

Error to Wayne; Merriam (De Witt H.), J.    Submitted June 23, 1927.    (Docket No. 112.)    Decided October 3, 1927.    Rehearing denied December 1, 1927.

Petition by Madeline Brady, a mentally incompetent person, by the Detroit Trust Company, general guardian, for a delayed appeal from an order allowing the will of Sophie Lyons Burke, deceased.    From an order denying the petition, she brings error.    Reversed.

*Lucking, Hanlon, Lucking & Van Auken (Lawrence M. Sprague,* of counsel), for appellant.

*Campbell, Dewey, Stanton & Bushnell (Allan Campbell* and *William L. Carpenter,* of counsel), for appellee.

MCDONALD, J.    Sophie Lyons Burke was a resident of Detroit, Michigan.    She died May 7, 1924, leaving a will which was admitted to probate in the probate court of Wayne county on December 2, 1924.    She had been married three times.    By her second husband, a man named Brady, she had a daughter Madeline, who was living with a sister in Paris at the opening of the World War.    She was then 23 years of age.    She joined the English army as a nurse and as an ambulance driver.    While so engaged she was wounded, as a result of which she became insane, and, at the time the will was made, and of her mother's death, was being maintained as a public charge in an insane asylum in London, England.    She has not recovered, and is still an inmate of an English public asylum.    On petition of Florence Bowers, a sister living in Detroit, Michigan, the Detroit Trust Company was appointed general guardian of Madeline, on January 5, 1926.

The general guardian filed a petition in the circuit court of Wayne county for the allowance of a delayed appeal from the probate order admitting the will to probate. On the hearing, the court granted the prayer of the petition, but, subsequently, on application of the executor, this order was set aside and an order entered denying the application for leave to appeal. The petitioner brings error.

The defendant has made a motion in this court to strike out the bill of exceptions and to dismiss the writ of error, for the reason that the bill of exceptions was not settled during the 20-day period following the entry of the order denying the application to appeal. The order was filed January 25, 1927. On the same day the court entered an order granting the plaintiff an extension of 60 days' time in which to settle a bill of exceptions. The bill of exceptions was settled and signed 46 days after the entry of the order appealed from. There was no oral testimony taken and therefore no certificate of a stenographer was furnished. It is the contention of the defendant that when no oral testimony is taken and no certificate of a stenographer is filed, the trial court is without authority to extend the time for the settlement of a bill of exceptions beyond the 20-day period allowed by statute. In other words, it is asserted that, when no oral testimony is taken and no stenographer is used, the statute limits the time for settling a bill of exceptions to the 20 days immediately following the entry of a judgment or order. The statute in question reads as follows:

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form: *Provided,* That no more than twenty days shall be allowed for such purpose, except upon the production of a certificate from the stenographer of said circuit stating that the party desiring such extension has ordered a transcript of the testimony necessary for the preparation of said bill of exceptions, and that the same will

be furnished as soon as possible by said stenographer. If a motion for a new trial is made within said twenty days, and such motion be denied, the time to settle a bill of exceptions may be extended twenty days from the date of such denial without the production of such certificate." 3 Comp. Laws 1915, § 12634.

The various features of this provision of the statute have been construed by this court in many decisions. But language most applicable to the question under consideration may be found in *Jedele* v. *Washtenaw Circuit Judge*, 237 Mich. 520, written by Mr. Justice STEERE. It was there said:

"Prior to the adoption of the judicature act this entire section read as follows (Act No. 204, Pub. Acts 1909) :

" 'The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form.'

"The proviso in the judicature act in controversy was manifestly intended to shorten the time in which appeal for review could be taken to 20 days except in special cases where necessity for a transcript of the testimony made it manifest that more time would be required to secure the same. To that end the proviso made an exception to the 20 days based on the mandatory conditions that a certificate of the court stenographer should be furnished showing that a transcript had been ordered, and officially certifying that the same would be furnished 'as soon as possible.' Upon such a showing the court was authorized to make such reasonable extension as in its judgment would be adequate, with jurisdiction thereafter on proper showing to grant further extension of time, not to exceed the statutory limit."

This interpretation of the purpose of the statute gives it some effect concerning appeals where oral testimony is not taken. If it were not so there would be no statutory limitation on the time to settle a bill of exceptions in such cases. As indicated by Mr. Justice STEERE in the *Jedele Case*, the requirements of the

statute are evidently based on the assumption that, where there has been no oral testimony, 20 days is sufficient time.    The statute thus interpreted is not unreasonable.    It imposes no hardship.    It only requires reasonable diligence on the part of the lawyer who should so adjust his business as to bring his law suits to a reasonably speedy termination.    And it will be observed by reading our decisions that, when the lawyer has done all that he is required to do, this court will not allow his appeal to fail because of any action or nonaction on the part of the trial court or its officers.    This phase of the question was discussed by Justice SHARPE in *Smith* v. *Gladwin Circuit Judge,* 233 Mich. 72.

There has been no unreasonable delay in the case before us, but in view of the fact that the court had no power to grant the 60 days' extension, and that the bill of exceptions was not settled within the 20-day period following the entry of the order, it must be stricken out.    In respect to the bill of exceptions the defendant's motion is granted.    The writ of error will not be dismissed.

With no bill of exceptions, the case will be treated as under Supreme Court Rule No. 11.    We are therefore concerned with such questions only as can be determined from the bare record.    The evidence as to the mental capacity of the testatrix to make this will is composed of affidavits which were a part of the bill of exceptions.    They are not now before us, and without considering them we are unable to determine if "justice requires a revision of the case."    It follows that if it is necessary for us to determine that question there is nothing we can do except to affirm the judgment.    But we do not think it is necessary, as we shall presently undertake to show.

The law governing the right to delayed appeals from probate courts is contained in chapter 65, beginning

with section 14156, 3 Comp. Laws 1915. It is first
provided that the petition for such an appeal shall be
allowed if the party who desires to appeal shall be
"without default on his part," and "if it shall appear
that justice requires a revision of the case." But in
a subsequent applicable section, 14158, it is stated
that:

"No such petition shall be allowed after the payment
of the debts of the estate and the distribution thereof
to the parties entitled thereto by due course of law."

The petition here involved was filed under these pro-
visions of the statute. When it came on to be heard
the court entered an order allowing the appeal.
Though not expressly stated in the order, it is correct
to say that he found the petitioner to be without de-
fault on her part and that justice required a revision
of the case.

Subsequently the executor petitioned the court for
leave to file an amended answer and for a reargument
on the following question, quoting from his petition:

"That he be permitted to argue the question pre-
sented by said amended answer that the estate of
Sophie Lyons Burke was distributed within the mean-
ing of section 14158 of the Compiled Laws, before the
filing of the application of said Detroit Trust Com-
pany, as guardian aforesaid, for leave to appeal."

Further quoting from the petition, it was said:

"Your petitioner avers that the additional issue
sought to be raised by this amended answer relates
solely to the question of whether said estate has been
distributed prior to the filing of the application of
the Detroit Trust Company herein, and that said issue
as so tendered should be passed upon and decided by
this court in determining the rights of the respective
parties, and that such further consideration and a
reargument thereon is in furtherance of justice, as this
executor is informed and believes."

These quotations from the pleadings serve to show

what was before the court when, on reargument, it
vacated the first order and filed the second and final
order denying the right to appeal.   In view of the
first order allowing the appeal, and of the fact that
one question only, viz., whether the estate had been
distributed, was before the court on the reargument,
it is correct to say that in making the second order the
court found that the petitioner was without default on
her part and that justice required a revision of the
case, but that the appeal could not be allowed because
the estate had been distributed.   With this preliminary
statement, we reach the question first suggested, that
is, whether in disposing of this case it is necessary to
determine if justice requires a revision of the order
admitting the will to probate.

Whether a delayed appeal shall be allowed is a matter
addressed to the discretion of the court.   Here the
circuit judge exercised that discretion in favor of the
appeal, but held that he was precluded from allowing
it because in his view of the law the estate had been
distributed.   Whether it had been distributed was a
question of law.   The applicable facts were not in dis-
pute.   An order of distribution had been made, but
there had been no actual distribution to those entitled
to it.   The trial court held that as a matter of law
the order of distribution is a distribution of the es-
tate within the meaning of the statute (3 Comp. Laws
1915, § 14158).   Assuming, for the purpose of this
discussion, that the circuit judge was mistaken as to
the law, we have, then, this situation:   The court
found from a consideration of the evidence concerning
the mental capacity of the testatrix that justice required
a revision of the order admitting the will to probate, but
that because of a mistaken opinion of the law he had no
authority to allow an appeal.   In other words, the
petitioner had a hearing on the merits of her case and
prevailed, but was denied her rights because the court

was mistaken as to his power to grant them. He held that her cause was just, but that he had no power to give her a day in court. Now, either the result reached in the exercise of his discretion should stand, or, because he acted on a mistaken view of the law, his second order should be reversed and the cause remanded for further proceedings. In *Seibert* v. *Railway Co.*, 58 Minn. 58 (57 N. W. 1068), it was said:

"It is elementary that if relief lying within the sound discretion of the trial court is refused on the ground of want of power to grant it, or upon any other ground that proves the non-exercise of that discretion, such decision will be reversed, and the case remanded, with a direction to exercise the discretion."

In the instant case the record is clear that the court did exercise its discretion and entered an order in accordance therewith, so that, if we reverse its decision on the law, it will not be necessary to remand the cause with a direction to him to do what he has already done. To make this plain, let us restate what the court did: It found that justice required a revision of the case and thereupon entered an order allowing the appeal. Subsequently, on a reargument solely on a question of law, he vacated the first order and entered an order disallowing the appeal. It would seem to be clear that if we find that he was wrong on this question of law and vacate the order based thereon, the first order will stand with the same force and effect as would attach to it if it had not been vacated. That order held that justice required a revision of the case. Therefore it is not necessary for us to determine that question on this record. The only matter now before us is whether the trial court was wrong in holding as a matter of law that the order of distribution is a distribution of the estate within the meaning of the statute. This question can be determined without the aid of the bill of exceptions.

It is undisputed that, when the application for the delayed appeal was filed, the debts and legacies had been paid; that an order of distribution had been made; that there was a pending appeal therefrom; and that the residue, which was the bulk of the estate, was yet in the hands of the executor.    The question is whether, in these circumstances, the estate was distributed within the meaning of the statute (§ 14158), which reads:

"But no such petition shall be allowed after the payment of the debts of the estate and the distribution thereof to the parties entitled thereto by due course of law."

There is no reason or justice in cutting off a meritorious appeal until the property composing the estate has passed from the possession of the executor or administrator and from the control of the probate court to the parties entitled to it under the law.    The estate is not distributed by the mere making of an order designating the parties entitled to the property under the will.    The order may be wrong.    It may be appealed from.    It may be set aside.    It is apparent that the legislature had all of these possible events in mind when it said:

"In such decree the court shall name the persons and the proportions or parts to which each shall be entitled; and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any other persons having the same or any part thereof, after the expiration of sixty days from the date of such decree, unless an appeal shall have been taken therefrom, in which case they shall have the same right immediately upon the final determination of such appeal."    3 Comp. Laws 1915, § 13916.

In the case before us, an appeal from the order of distribution is pending.    There can be no distribution until the appeal has been disposed of.    The distribu-

tion in the sense that it is used in the statute means a physical turning over of the estate to those who are by law entitled to it.

In making the order denying the appeal the trial court acted on an erroneous view of the law. The order is therefore vacated, with costs to the plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.